ROSE L. ESMOND, Appellant, *v.* ALLEN S. APGAR, Respondent.

The provision of the bankrupt act (U. S. R. S., § 5057), providing that no suit shall be maintainable "between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or right of property transferrable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued," extends to all cases where adverse claims are made to property found by the assignee in the possession of the bankrupt, and lawfully passing into the custody of the assignee, he taking it in good faith as the property of the bankrupt.

In an action for the conversion of certain certificates of stock, it appeared that the certificates came into the possession of defendant as assignee in bankrupty of an insolvent banking firm, and with the assets of said firm; indorsed upon each certificate was an assignment and power of attorney executed in blank; with them were certain obligations of plaintiff's husband. Defendant refused to deliver the certificates when demanded, claiming to hold them as security for said obligations, and subsequently sold the obligations and certificates, believing he was acting as assignee in doing so. Defendant pleaded as a defense that the action was not brought within two years of the time the cause of action accrued, as required by said provision; also, that plaintiff did not give twenty days' notice of the action, specifying the cause thereof, as required by said act. (§ 5056.) The referee so found the facts. *Held,* that the acts complained of were done by defendant as assignee; that said provisions were applicable; and that the facts found constituted a bar to the action.

It appeared that notice had been given of a previous action brought by

plaintiff in a justice's court, in which plaintiff claimed to recover $235; this action was abandoned. In the present action plaintiff claimed to recover $1,000. *Held,* that such notice did not dispense with the necessity of notice of the present action.

*In re Conant* (5 Blatch., 54), distinguished.

(Argued February 7, 1879; decided March 18, 1879.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, reversing a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 7 Daly, 379.)

This action was brought to recover damages for the alleged conversion of two certificates of stock of a manufacturing corporation, which came into the hands of defendant as assignee in bankruptcy of the firm of L. Morgan & Son.

Plaintiff subsequently demanded the certificates, but defendant refused to deliver them, claiming to hold them as security for certain obligations of plaintiff's husband, which were part of the assets of the bankrupt firm which came into his hands. Defendant sold, as assignee, these obligations, with the interest of the bankrupts in the certificates, at public auction, under the direction of the United States District Court.

The further facts sufficiently appear in the opinion.

*G. S. Van Pelt,* for appellant. The statute, limiting the time within which an action may be brought against an assignee in bankruptcy by a person claiming an adverse interest in any property, or rights of property transferrable to or vested in such assignee to two years, is not applicable. (U. S. R. S., § 5057; Bump's L. & Pr. [9th ed.], 227; *In re Conant,* 5 Blatch., 54; *Stevens* v. *Hauser,* 39 N. Y., 202.)

*William A Coursen,* for respondent. This action was barred by the limitation prescribed in the statute. (5 Blatch., 55; *Cleveland* v. *Boerum,* 24 N. Y., 615; *Stevens* v. *Hauser,* 39 id., 309; *Denison* v. *Plumb,* 18 Barb., 80;

*Snebly* v. *Conner*, 7 N. Y. Weekly Dig., 93; *Sedgwick* v. *Casey*, 4 Nat. B. Rep., 946; *Smith* v. *Crawford*, 9 id., 38; *Norton* v. *Delarille*, 13 id., 364.)

RAPALLO, J. The uncontroverted evidence shows that the certificates of stock which are the subject of this action were, prior to and at the time of the bankruptcy of the firm of L. Morgan & Son, and of the appointment of the defendant as their assignee, in the possession of that firm. The referee having been requested to find that fact the defendant is entitled to the benefit of it on this appeal.

It appears that these certificates were accompanied by assignments and powers in blank, indorsed thereon and signed by the plaintiff, which instruments were indicia of title in any person in whose possession they might be, (*McNeil* v. *Tenth Nat. Bank*, 46 N. Y., 325,) and in the same safe were certain obligations of E. R. Esmond the husband of the plaintiff.

Upon the appointment of the defendant as assignee in bankruptcy of L. Morgan & Son, it was his duty as such assignee to take possession of all property in the possession of the bankrupts and of which they appeared to be the owners. He accordingly took possession of the contents of their safe, including these certificates, together with the before-mentioned evidences of indebtedness of plaintiff's husband to the bankrupt firm.

Evidence was given upon the trial to the effect that the certificates in question had been delivered to that firm by the husband of the plaintiff as collateral security for his indebtedness to it, but as the evidence on that point was conflicting and the referee refused to find the fact, it cannot be regarded as in the case for the purposes of this appeal.

The plaintiff sought in this action to recover the value of the stock, alleging it to be her property which the defendant had converted to his own use, and the referee found in her favor. He found however that the cause of action herein accrued on or before the last day of February, 1875. That

this action was not brought within two years from the time when the cause of action accrued, and also that the plaintiff did not give to the defendant twenty days' notice of this action, specifying the cause thereof, or any notice thereof whatever, to the end that the defendant might have an opportunity of tendering amends.

The respondent contends, and the court at General Term in reversing the judgment entered upon the report of the referee held, that these facts (which had been pleaded in defense) constituted a bar to this action, by virtue of the provisions of sections 5056 and 5057 of the United States Revised Statutes.

Section 5056 provides that "no person shall be entitled to maintain an action against an assignee in bankruptcy for anything done by him as such assignee, without previously giving him twenty days' notice of such action, specifying the cause thereof, to the end that such assignee may have an opportunity of tendering amends, should he see fit to do so."

Section 5057 provides that "no suit either at law or in equity shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest touching any property or right of property transferrable to or vested in such assignee unless brought within two years from the time when the cause of action accrued for or against such assignee."

We concur in the conclusion of the court at General Term that the two sections above cited are applicable to the present case and preclude a recovery herein. Although the referee refused on request to find that the acts for which this action is brought were done by the defendant as assignee in bankruptcy the uncontroverted evidence establishes that they were thus done. He found the certificates of stock in the possession of the bankrupts, in their safe, accompanied with the indicia of title. The possession at least, passed to him as assignee, and also the right of possession as against every one (except the true owner in case an adverse right should be established). It was his legal duty as assignee to take them

into his custody. When demanded of him he claimed to hold them as security for the indebtedness of plaintiff's husband to the bankrupts. There is no evidence in the case that he ever claimed the stock otherwise than as assignee in bankruptcy. When he sold it, he did so as assignee, together with evidences of debt against plaintiff's husband, which confessedly belonged to the bankrupts, and it was admitted on the trial that in selling it he believed he was acting as assignee. These facts clearly establish that the acts for which this action was brought were done by the defendant as assignee and the real ground of the plaintiff's action was that as such assignee he had no right to do those acts, because the property did not belong to the bankrupts.

The want of notice of the action under section 5056, was therefore fatal to the action. The appellant claims that the evidence shows that notice was given of a previous action, and that such notice is sufficient to entitle him to maintain the present action. It appears that such previous action was brought pursuant to the notice, in a justice's court, to recover the sum of $235, and was abandoned. The present action was brought in a court of record to recover $1,000. We think the referee correctly held that such notice did not dispense with the necessity of notice of the present action if notice was necessary. He did not decide the case upon the ground that such notice was a compliance with the statute, but upon the ground that the defendant was not sued as assignee, that the acts done by him were not done as assignee, and that he was not entitled to notice. In this decision we think he erred.

We also think that under section 5057 the action was barred. The argument of the appellant is based upon that part of the section which limits its operation to suits touching property "transferrable to or vested in such assignee," and it is, that as the property in dispute did not belong to the bankrupts, it was not transferrable to or vested in the assignee. If the statute is to be confined in its operation to cases in which the property is rightfully transferrable to or

vested in the assignee, it is of little value, for the same facts which would entitle an assignee to the benefit of the limitation would in general establish a defense to the claim. We think it was intended to have a broader application, and to extend to all cases in which adverse claims are made to property found in the possession of the bankrupt and lawfully passing into the custody of the assignee, who takes it in good faith as property of the bankrupt. Should an assignee tortiously take from the possession of a third person property in which the bankrupt had no interest, questions might arise under this statute which it is not necessary now to decide. In the present case, as has been shown, the property was in the possession of the bankrupts, and apparently theirs; its possession lawfully passed to the assignee; an adverse claim to it was subsequently made by the plaintiff, and we think it was one of the cases in which the statute intended to limit the time within which an action should be brought to substantiate such adverse claim. *In re Conant* (5 Blatch., 54) does not conflict with these views. That case holds that the adverse claim must be one existing before the assignment. Such is the present case. Furthermore that case arose under the act of 1841, in which the language of the section was different.

The order of the General Term should be affirmed and judgment absolute rendered against the plaintiff, with costs.

All concur.

Order affirmed and judgment accordingly.