## J. N. HAVEN and another *vs.* E. B. PLACE.

### December 24, 1881.

**Trover by Vendor against Third Person—Pleading.**—In an action in the nature of trover or trespass, a complaint alleging that certain goods were sold by A. to B., and that they were subsequently taken and converted by C., does not state a cause of action, in the absence of averments showing that, notwithstanding the sale, some right of A. in respect to the possession of the property has been violated.

**Action against Assignee in Bankruptcy—Previous Notice to him.**—U. S. Rev. St., § 5056, enacted that " no person shall be entitled to maintain an action against an assignee in bankruptcy for anything done by him as such assignee, without previously giving him 20 days' notice of such action, specifying the cause thereof, to the end that such assignee may have an opportunity of tendering amends, should he see fit to do so." *Held*, that the words " anything done by him as such assignee " include all things which an assignee assumes to do as such, and which an assignee is authorized to do in any circumstances.

**Same—Two-years' Limitation.**—U. S. Rev. St., § 5057, provides that " no suit, either at law or in equity, shall be maintainable in any court, between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee." *Held*, that the words "property or rights of property transferable to or vested in " an assignee mean property or rights of property of such kind and description as by the provisions of the bankrupt law would, if they belonged to the bankrupt, be transferred to or vested in the assignee. Whenever an action is brought against an assignee in bankruptcy by a person claiming an adverse interest touching property or rights of property of a kind or description which, under the provisions of the bankrupt law, would, if they belonged to the bankrupt, be transferred to or vested in the assignee, he is entitled to rely upon the two-years' limitation prescribed in section 5057 in defence of anything which, as assignee, he has done or omitted to do in reference to such property or rights of property.

**Practice—Amendment in Supreme Court.**—*Farley* v. *Kittson*, 27 Minn. 102, followed and applied.

Appeal by defendant, assignee in bankruptcy of Stone, Parker & Co., from an order of the district court for Hennepin county, *Vanderburgh*, J., presiding, overruling his demurrer to the complaint.

*Lochren, McNair & Gilfillan*, for appellant.

*John F. Byers*, for respondents.

U. S. Rev. St. §§ 5056, 5057, does not extend to or protect an assignee in bankruptcy when he becomes a trespasser, and he is not empowered to take any goods not belonging to the bankrupt. *Leighton* v. *Harwood*, 111 Mass. 67; S. C. 12 Nat. Bank. Reg. 360; *Edge* v. *Parker*, 8 B. & C. 697; *Carruthers* v. *Payne*, 5 Bing. 270; *Knight* v. *Cheney*, 5 Nat. Bank. Reg. 305; *Cook* v. *Tullis*, 9 Nat. Bank. Reg. 433; *Harris* v. *Pratt*, 17 N. Y. 249.

BERRY, J. The complaint alleges that on May 15, 1875, plaintiffs "sold on credit" to the firm of Stone, Parker & Co., $8,000 feet of lumber, at $14 per thousand feet; that on June 23, 1875, they "sold" to said firm 15,000 feet of lumber, at $20 per thousand feet; that they "employed" the St. Paul & Pacific Railroad Company to convey the lumber from Montrose to Stone, Parker & Co. at Minneapolis; that the railroad company never delivered the same to said firm; that on or about August 10, 1875, Stone, Parker & Co. became insolvent, and defendant was duly appointed their assignee in bankruptcy, and duly qualified and entered upon his duties as such; that plaintiffs learned of the insolvency August 12th; that on each of the two following days, to wit, August 13th and 14th, they ordered the railroad company, "by its agent at said Minneapolis," not to deliver the lumber or any part of it to Stone, Parker & Co. or to the assignee, and also demanded for themselves the immediate possession of the same; and, finally, that on August 16th the defendant, "with knowledge and due notice of the aforesaid orders and demand, * * * took all of said lumber from the possession of plaintiffs and sold the same without the consent and against the will of plaintiffs, and converted the same."

Defendant's demurrer to the complaint as failing to state facts constituting a cause of action was erroneously overruled. This was apparently intended by the pleader to be an action in the nature of

trover; but whether it be in the nature of trover or trespass,. (and it must be one or the other,) it must appear, in order to maintain it, that some right of the plaintiffs in respect to the possession of the lumber is violated. The allegation of the complaint is that the lumber was "sold" by plaintiffs to Stone, Parker & Co.; in other words, that a sale was perfected between them. This would transfer the title.of the lumber to the vendees, and thereupon they would, in general, be entitled to its immediate possession. The assignee in bankruptcy succeeds to their rights. If, notwithstanding the completion of the contract of sale, the vendors had not received the price of the lumber, and on that account the vendees were not entitled to its delivery, or if, the price not having been paid, and the vendees having become insolvent, the vendors were entitled to stop the lumber *in transitu*, the vendors, having alleged a sale generally, if they claim a right of possession upon either of these grounds, must set up the facts upon which it is based. · Obviously one indispensable fact is that the price of the thing sold is unpaid in whole or in part. For the lack of an averment of this fact, the present complaint is insufficient and demurrable. It fails to show that any right of the plaintiffs as respects the possession of the lumber has been violated by the defendant's taking. If none had been violated, it would be quite unimportant to the plaintiffs whether he took in his character of assignee or otherwise. With reference to possible future amendments, and to forestall any mistaken inference from our silence, we observe that the complaint is in many other respects quite imperfect, especially in the apparent attempt to set up a right of stoppage *in transitu*.

The main questions, however, which the parties desire to have decided upon this appeal, relate to the application and construction of certain provisions of the bankrupt law.

U. S. Rev. St., § 5056, enacts that "no person shall be entitled to maintain an action against an assignee in bankruptcy for anything done by him as such assignee, without previously giving him twenty days' notice of such action, specifying the cause thereof, to the end that such assignee may have an opportunity of tendering amends, should he see fit to do so."

U. S. Rev. St., § 5057, provides that "no suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee."

The words "anything done by him as such assignee" are not limited in meaning to those things which the law authorizes him to do as assignee in a particular instance, since for these things there could be no occasion to tender amends. They include all things which an assignee assumes to do as such, and which an assignee is by law authorized to do in any circumstances. By "property or rights of property transferable to or vested in" an assignee, we understand section 5057 to mean property or rights of property of such kind and description as by the provisions of the bankrupt law would, if they belonged to the bankrupt, be transferred to or vested in the assignee. Nothing short of this construction would appear to afford adequate protection to the assignee, either with reference to his own liability, or the manifest purpose of the statute to speed the settlement and distribution of bankrupt estates. If, as has been sometimes suggested, the words quoted include only such property as is lawfully and rightfully transferable to or vested in an assigneee in a particular case, the effect is that the assignee can never know how much he can safely distribute, and the entire risk of interfering (though with the utmost good faith) with property which does not happen to be thus transferable to or vested in him in the particular instance, is cast upon the assignee. To leave the assignee to be exposed for an indefinite time to suits would not only retard the settlement and distribution of bankrupt estates, unless the risk of being obliged to make amends out of his own pocket after the estate has been distributed is saddled upon the assignee, but it would be against the entire policy of those beneficent statutes of repose by which limitations have been imposed upon the right of action upon contracts, for torts, and even for crimes. In the application of this statute we can see no rational ground upon which to rest any distinction between cases in which

the assignee has acted in good faith, and those in which it is claimed that he has acted in bad faith. To leave him to take the consequences of trying the question of good or bad faith at any indefinite future time is to expose him to all the evils against which statutes of limitation are intended to guard.

In our opinion, whenever an action is brought against an assignee in bankruptcy by a person claiming an adverse interest, touching property or rights of property of a kind or description which, under the provisions of the bankrupt law, would, if they belonged to the bankrupt, be transferred to or vested in the assignee, he is entitled to rely upon the two-years' limitation prescribed in section 5057, in defence of anything which, as assignee, he has done or omitted to do in reference to such property or rights of property. It may be added that his right to invoke this limitation does not at all depend upon whether or not the action is formally brought against him as assignee. He is not to be deprived, either of his opportunity to tender amends under section 5056, or of his right to avail himself of the limitation set by section 5057, by the fact that a plaintiff sees fit in his summons and complaint to ignore his character as assignee. In such circumstances he may avail himself of his character as assignee by setting it up in his answer.

In *Bailey* v. *Glover*, 21 Wall. 342, after saying that one of the purposes of the bankrupt law was to secure a speedy disposition of the bankrupt's assets, and remarking upon the danger that bankrupt estates will be wasted in profitless litigation and in payment of fees, Mr. Justice Miller observes that "to prevent this [*i. e.*, delay and waste] as much as possible, congress has said to the assignee, 'You shall commence no suit two years after the cause of action has accrued to you, nor shall you be harassed by suits when the cause of action has accrued more than two years against you. Within that time the estate ought to be nearly settled up and your functions discharged, and we close the door to all litigation not commenced before it has elapsed.'" Aside from this expression of the views of the federal supreme court, which is perhaps given *arguendo* merely, we find nothing in the adjudicated cases which fully sustains our posi-.

tions in this case. They are in part, however, sustained by *Esmond* v. *Apgar*, 76 N. Y. 359; S. C. 7 Daly, 379; *Hallam* v. *Maxwell*, 2 Cincinnati Sup. Ct. Rep. 136; *Dennison* v. *Plumb*, 18 Barb. 89.

As the case must go back for the error first indicated, and perhaps for general amendment of the complaint, it is unnecessary for us to attempt to apply our views as to sections 5056 and 5057 to the complaint as it now stands, more especially as the argument upon these sections appears to have been made quite as much upon facts conceded here as upon those stated in the complaint.

The plaintiffs' request for leave by this court to amend their complaint in case our decision were adverse to them must be denied, for the reason assigned in *Farley* v. *Kittson*, 27 Minn. 102.

Order reversed.