Frazier vs. Turner and another.

Frazier, Respondent, vs. Turner and another, imp., Appellants.

*April 8 — April 29, 1890.*

Criminal law: Larceny: Pleading: Void warrant: False imprisonment: Participation in arrest: Advice of counsel.

1. A complaint charging larceny, and the warrant issued thereon, failed to state the value of the thing stolen. *Held*, that the defect could not have been cured by amendment, and that the warrant was void on its face and no justification for an arrest.

2. Persons who procured such warrant and delivered it to the officer, directing him to make the arrest thereon, are equally liable with him in an action for false imprisonment; and the fact that they had submitted the case to the district attorney and acted upon his advice is immaterial where no punitory damages are claimed.

APPEAL from the Circuit Court for *Marquette* County.

The following statement of the case was prepared by Mr. Justice Taylor as a part of the opinion:

Action to recover damages for alleged false imprisonment. On the trial in the court below the plaintiff recovered, and from the judgment rendered in his favor the defendants *Martha E. Turner* and *David Turner* appeal to this court.

*Martha E. Turner* in her answer denied malice and participation in the arrest made, setting forth that she simply made her complaint to the justice who issued the writ, and that in so making complaint she acted upon the advice of the district attorney, and that such attorney drew the complaint. On the trial, J. K. Taylor, the justice of the peace who issued the warrant by virtue of which the plaintiff was arrested, testified that the defendants *Martha E. Turner* and her husband came to his house in January. That she signed the complaint, or what purported to be a complaint, and upon that complaint he issued a warrant. That, after

he had drawn the warrant, *Mrs. Turner* took it. " She said she wanted Mr. Conger, the deputy-sheriff, to serve the same. Conger at that time lived at the village of Oxford. She received the warrant, and put it in her pocket, and took it away with her. Conger lived five miles from my house. She and her husband went away together, and they came back again to my house in the afternoon. Conger, the deputy-sheriff, brought the plaintiff to my house about the same time. They stopped at this time about two hours. The plaintiff was required to give bail, and afterwards there was a trial which lasted two days, and the plaintiff was discharged. The complaint was in Mr. Duff's handwriting, and Mr. Duff was at the time the district attorney of the county. Mr. Duff was not present when the warrant was issued, but after the arrest he attended to the case on behalf of the state." Conger testified that the defendant *Mrs. Turner* came to him on the 21st of January, and handed him the warrant, and stated to him that she wanted him to take the warrant and serve it on *Frazier* right away. *David Turner* was with her.

On the trial the plaintiff stated that he made no claim for punitory damages, and that they made no claim on account of malice; only actual damages. On the defense, the defendants offered some evidence tending to show that the justice gave the warrant to *David Turner*, the husband, instead of to *Martha E.*, his wife. The defendants also offered to show that they had, previous to the application for the warrant, made a statement of the facts to Mr. Duff, the district attorney, and that he drew up the complaint. This was objected to by the plaintiff, and excluded by the trial court, on the ground that, as there was no claim that the arrest was maliciously made, and no claim for punitory damages, the motive which actuated the defendants in making the complaint and procuring the arrest was immaterial.

The following are copies of the complaint and the war-
rant issued thereon, on which the plaintiff was arrested,
viz.:

"STATE OF WISCONSIN, ⎫ *ss.*
   MARQUETTE COUNTY. ⎬

"*State of Wisconsin against Lorenzo Frazier.*

"*Martha E. Turner*, being duly sworn, says that on the
4th day of January, A. D. 1889, at said county, *Lorenzo
Frazier* did feloniously take, steal, and carry away one
promissory note, the property of the said *Martha E. Turner*,
and against the peace and dignity of the state of Wiscon-
sin. [Signed]                          MARTHA E. TURNER.

"Subscribed and sworn to before me this 21st day of Jan-
uary, A. D. 1889.   J. K. TAYLOR, Justice of the Peace."

"MARQUETTE COUNTY, ⎫ *ss.*
   TOWN OF OXFORD. ⎬

"*The State of Wisconsin to the sheriff or any constable
of said county:* Whereas, *Martha E. Turner* has this day
complained in writing to me, on oath, that *Lorenzo Frazier*
did on the 4th day of January, A. D. 1889, at the town of
Oxford in said county, feloniously take, steal, and carry
away one promissory note, the property of the said *Martha
E. Turner*, and prayed that the said *Lorenzo Frazier* might
be arrested and dealt with according to law: Now, there-
fore, you are commanded forthwith to apprehend the said
*Lorenzo Frazier*, and bring him before me to be dealt with
according to law.

"Given under my hand this 21st day of January, A. D.
1889.                  J. K. TAYLOR, Justice of the Peace."

*G. J. Cox*, for the appellants.

For the respondent the cause was submitted on the brief
of *J. H. Rogers*.

TAYLOR, J.   On this appeal it is contended by the learned
counsel for the plaintiff and respondent that the complaint

and warrant do not state facts sufficient to show that the plaintiff had committed any crime known to the law; that the warrant was absolutely void upon its face, and was therefore no justification to the officer serving the same for making the arrest complained of; and it is also insisted that there is sufficient evidence to show that the appellants, *Martha E.* and *David Turner*, directed the officer serving such void warrant to make such arrest, and are therefore liable in the law for such unlawful arrest. On the part of the appellants, the counsel claim that the warrant was not void on its face, and, if it was voidable, it could have been amended by the justice on the return of the warrant, on the application of the state.

We think there can be no doubt but that the complaint does not state facts showing that the plaintiff had committed any crime, and that the warrant was void on its face for the same reason. The warrant was void because it does not state that the thing alleged to have been stolen was of any value.

To the claim that the warrant was amendable, it is answered, *first,* that it was not amended, and that no application to amend the same was made, in the proceedings in the justice's court; and, *second,* that the defect in the complaint and warrant were not amendable, under secs. 4703, 4742, R. S. 1878. The value of the thing alleged to have been stolen is a material allegation, under our statute, as different degrees of punishment are prescribed for the larceny of property, depending upon such value. See sec. 4415, R. S. 1878. And an information, warrant, or complaint which does not state the value of the thing stolen, when the punishment of the crime depends upon such value, is clearly a substantial defect, and renders the warrant or information void and wholly insufficient to support any conviction or judgment thereon. 2 Bish. Crim. Proc. §§ 713, 714, 736; *Hope v. Comm.* 9 Met. 134; *Wilson v. State,*

1 Port. (Ala.), 118; *State v. Daniels*, 32 Mo. 558; *Johnson v. State*, 29 Tex. 492; *Steuer v. State*, 59 Wis. 472; *Gelzenleuchter v. Niemeyer*, 64 Wis. 316.

We think the defect in this complaint and warrant was such as rendered all proceedings in the case void, and the arrest thereon unlawful, and was not amendable under said sec. 4703, R. S., so as to legalize the arrest and imprisonment thereunder. Whether the complaint and warrant were void for not sufficiently describing the note need not be considered in this case, and it may be admitted that such general description was sufficient.

The warrant being void on its face, was no justification for the arrest by the deputy-sheriff; and the appellants having delivered the void warrant to the sheriff, and having directed him to make the arrest on such void warrant, are equally liable with the sheriff. This was fully discussed and decided by this court in the case of *Gelzenleuchter v. Niemeyer*, 64 Wis. 316. There is as much evidence of the participation of the appellants in making the arrest in this case as in the case last above cited. The question as to whether the appellants participated in procuring the arrest of the respondent under the void warrant was properly submitted to the jury by the learned circuit judge.

There was no error in excluding the evidence offered by the appellants that they had submitted the facts in the case to the district attorney, and acted under his advice. Having participated in the arrest of the plaintiff under a void warrant, they are equally liable as the officer making such arrest.

*By the Court.*— The judgment of the circuit court is affirmed.