<div style="margin-left: 0">Effect of *su-persedeas* in favor of administrator upon other appellants.</div>

COCKRILL, C. J.    When a judgment for the recovery of money is against an administrator and others, the qualified or limited bond which the administrator executes, under section 1295 of Mansfield's Digest, to supersede the judgment against the estate of his decedent, does not warrant the issuance of a *supersedeas* in favor of other judgment defendants.    If they desire to supersede the judgment rendered against them, they must appeal and enter into bond in accordance with the statute.    The fact that the administrator's decedent is the principal, and the other defendants his sureties, in an official bond, does not alter the case, because the judgment plaintiff is not forced to exhaust his remedy against the estate of the principal before resorting to his execution upon the judgment, but may proceed by execution against the property of the living defendants in the first instance.

The *supersedeas* in favor of all the defendants except the administrator should be quashed.

It is so ordered.

---

RAILWAY COMPANY *v.* TRIMBLE.

Decided March 28, 1891.

1.   *Railway—Ejection of passenger—Damages.*

One who enters a railway train in the expectation and with the desire that he should be put off, in order that he may make a case for damages against the company, and is ejected without rudeness or unnecessary violence, cannot recover damages for wounded feelings or pain of mind.

2.   *Damages—Statutory penalty.*

The recovery by the passenger of the statutory penalty for an illegal overcharge of fare is no bar to a suit for damages for an unlawful ejection from the train.

3.   Remittitur.

A *remittitur* of excessive damages will be permitted where it will cure the errors indicated in the opinion.

APPEAL from *Sebastian* Circuit Court, Fort Smith District.

JOHN S. LITTLE, Judge.

Trimble's complaint was that defendant, the St. Louis and San Francisco Railway Company, operating a railroad in the State more than seventy-five miles in length, wrongfully ejected him from its train because he refused to pay for fare from Van Buren to Lillie station five cents per mile, being in excess of the maximum rate fixed by the act of April 4, 1887, regulating the rates of charges for the carriage of passengers. At three cents per mile the fare would be 25 cents; the fare demanded was 35 cents. By defendant's wrongful act he was damaged in business, humiliated and mortified in his feelings and injured in his standing. Wherefore he prayed judgment for damages in the sum of $1500.

He testified that he knew the company was charging five cents per mile when he got on the train. He had told another passenger that he was going to offer the conductor the maximum fare fixed by the statute, three cents per mile, and, if the conductor wouldn't accept it, he was going to require him to put him off the train, and then he would bring suit. He tendered the conductor three cents per mile in payment of his fare. The conductor refused to receive it and demanded five cents per mile. Upon his refusal to pay it, the conductor stopped the train at the Van Buren freight depot, a short distance from the passenger depot, and pleasantly escorted him from the coach. Plaintiff says: "When he put me off the train, he laid his hands on me gently; I told him all I wanted him to do was to simply lay his hands on me; I told him that I was not going to resist. We were both smiling at the time." The conductor testified that the plaintiff made no protest against being put off, and did not object to going off.

Plaintiff hired a hack to complete his journey which cost him $2.65 more than his expenses by rail would have been.

The court instructed the jury as follows :

The jury are instructed that if they find from the evidence that the defendant is a railroad more than seventy-five continuous miles in length, and   *   *   *   that the plaintiff boarded the defendant's train at Van Buren, and offered the conductor of said train the sum of 25 cents as payment of his fare to Lillie, and the said Lillie was not over seven or eight miles distant from Van Buren, and the conductor refused such amount as payment of his fare, then such refusal was unlawful; and if they find that the conductor, after the plaintiff had tendered him such fare, ejected or caused the plaintiff to be ejected from the train, then such ejection was unlawful, and they should find for the plaintiff.

If they find for the plaintiff, then they may consider the humiliation of being put off the train, the inconvenience of being compelled to reach the destination by other means, the loss of time occasioned by traveling to his destination by other conveyances, the pain of body, the pain of mind, and humiliation to his feeling and the loss of business and damage to his reputation, and should assess such damage as they see proper, not exceeding $1500.

There was verdict and judgment for plaintiff in the sum of $250.

*Clayton, Brizzolara & Forrester* for appellant.

1. Appellee was not entitled to damages for "humiliation" or "pain of mind," but, if anything, only to actual or compensatory damages. Suth. on Dam., vol. 1, p. 17; 40 Ill., 503; 7 Mass., 254; 4 Mason, 115; 11 Mich., 542; 27 *id.*, 234; 4 Dallas, 206; 16 N. Y., 494; 1 Otto, 489; 53 N. Y., 216; 4 Otto, 214; 62 Mo., 171; 112 Mass., 492; 10 Wisc., 388; 35 Ark., 492; 29 Ohio St., 126; 29 Ark., 448; 4 Ind., 471; 2 Beach on Rys., sec. 893; 37 Am. & E. Ry. Cases, 100; 13 Hun, 319.

2. The court erred in excluding the former judgment. 29 Ark., 465; 17 Cow., 420; 16 How. (U. S.), 114; 29 Oh. St., 126.

*J. M. Hill* for appellee.

Humiliation and pain of mind were proper elements of damage. The instruction for plaintiff was proper. 43 Ark., 529; 45 *id.*, 529; 3 Suth. on Dam. (ed. 1884), p. 259; 16 Atl. Rep., 67; 42 Wis., 23; 9 S. W. Rep., 451; 15 Minn., 49; 12 S. W. Rep., 275.

2. The former judgment, being for a statutory penalty, is not a bar to a suit for ejection and consequent damages. One is a *qui tam* action, the other a trespass.

COCKRILL, C. J. The charge of the court upon the measure of damages assumes that the plaintiff was humiliated, that his feelings were wounded, and that he suffered " pain of mind " by being put off the train. Whether the plaintiff was humiliated and suffered as indicated, was a question of fact for the jury's consideration.

1. Damages for ejection of railway passenger.

The inference that one has so suffered may be legitimately drawn, without express proof of the fact, in a case where nothing is shown except that the servants of the railway have wrongfully expelled a passenger from one of its trains; because it is a state of feeling that would ordinarily exist where such an indignity is offered to the person of a passenger who is himself without fault. And knowledge by the passenger of the fact that the railway would eject him unless he consented to submit to an illegal exaction, demanded in violation of a plain statutory duty which it had instructed its servants to disregard, would not deprive him of the right to recover for whatever mental injury he might suffer from the indignity. But the proof in this case had a tendency to show that the plaintiff entered the defendant's train in the expectation and with the desire that he should be put off, in order that he might make a case for damages against the railway. If such was the case, he should recover nothing for wounded feelings or pain of mind, for to the willing mind there is no injury. *Railway* v. *Cole,* 29 Ohio St., 126.

Moreover the charge assumes that there was proof that the plaintiff had sustained loss of business and damage to his reputation by the ejection, but there is no evidence in the

record upon which a verdict for special damages upon either score could be sustained.

2. Recovery of penalty no bar to suit for damages.    The plaintiff's recovery of judgment for the statutory penalty for the same illegal overcharge of fare was not a bar to a suit for damages for the wrongful ejection from the train. *W. U. Tel. Co.* v. *Cobbs*, 47 Ark., 344. The court's refusal to allow the plaintiff to put the judgment in evidence for that purpose was not error.

For the errors indicated the judgment must be reversed.

3. *Remitti-tur.*    Actual damages in the sum of $2.65 only were proved, that being the extra cost the plaintiff was put to in reaching his destination by private conveyance. A *remittitur* will cure the errors indicated, and if the plaintiff will remit the excess of the judgment over $2.65, judgment will be entered here for that amount; otherwise the cause will be remanded for a new trial.

It is so ordered.