Thompson vs. The State.

THOMPSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 24, 1894 — January 8, 1895.*

*Subornation of perjury: Information.*

A sufficient description of the action or proceeding in which subornation of perjury is charged to have been committed is an essential part of an information therefor, because without such a description it is impossible to tell with which of the two distinct crimes defined in sec. 4471, R. S., the accused is charged, or what will be the proper punishment if conviction follows.

ERROR to review a judgment of the circuit court for Waukesha county: A. SCOTT SLOAN, Circuit Judge. *Reversed.*

Subornation of perjury.  The information was as follows:
" I, C. E. Armin, district attorney for said county, hereby
inform the court that on the 11th day of December, in the
year 1892, at said county, *Mary E. Thompson* did wilfully
and corruptly procure Fred Brown and Frank Harrison,
*alias* James A. O'Brien, to swear falsely to a material matter
before the circuit court for said county, and before an officer
authorized to administer oaths, and to commit the crime of
perjury, in this, to wit: That the said Fred Brown and
Frank Harrison, *alias* James A. O'Brien, should, and they
and each of them thereafter did, corruptly and falsely swear
that they were present in the office of Justice Gregory, in
the city of Milwaukee, on the 5th day of April, 1890, and
saw the said justice perform a marriage ceremony between
the said *Mary E. Thompson* and one Jones B. Higgins, and
that they and each of them then and there signed their names
to a certificate of said marriage prepared by the said justice,
as subscribing witnesses; that said testimony was material
to the issue then and there being tried, and was false, to the
knowledge of the said *Mary E. Thompson* and the said Fred
Brown and Frank Harrison, *alias* James A. O'Brien, against
the peace and dignity of the state of Wisconsin."

At the trial, and before the introduction of evidence, ob-
jection was made to the introduction of any evidence under
the information, on the ground that it did not state a cause
of action.  This objection was overruled, and exception taken.
At the close of the trial a general verdict of guilty was ren-
dered.   Successive motions in arrest of judgment and for a
new trial were overruled, and exceptions taken.   Sentence
of imprisonment for two years was imposed, and the accused
sued out her writ of error.

*D. J. Hemlock*, for the plaintiff in error, argued, among
other things, that the information is defective in not set-
ting forth particularly the title of the case or matter in
which the alleged perjury was committed and whether the

same was a judicial proceeding or some other matter, so
that the defendant could tell whether she was accused of
the higher crime of subornation of perjury on the trial of a
person on a charge punishable with imprisonment in the
state prison; and also in failing to allege the jurisdiction of
the court. R. S. sec. 4471; *Covey v. State,* 23 Tex. App. 388,
note 2; *State v. Lloyd,* 77 Wis. 630; *State v. Allen,* 85 id. 22;
*State v. Shupe,* 85 Am. Dec. 496; 2 Whart. Cr. Law, § 1228
*et seq.;* 2 Bish. Cr. Proc. §§ 910a, 914; *Morrell v. People,* 32
Ill. 499; *Kerr v. People,* 42 id. 307; *McGragor v. State,* 1
Ind. 232; *State v. Nickerson,* 46 Iowa, 447; *State v. Furlong,*
26 Me. 69; *State v. Plummer,* 50 id. 217; *State v. Hamilton,*
65 Mo. 667; *State v. Owen,* 73 id. 440; *State v. Ammons,* 3
Murph. 123; *State v. Knight,* 84 N. C. 789; *Steinston v. State,*
6 Yerg. 531; *State v. Wise,* 3 Lea, 38; *Franklin v. State,* 91
Ga. 712; 18 Am. & Eng. Ency. of Law, 314; 2 Archb. Cr.
Pr. & Pl. 1719; 3 Russell, Crimes, 60; *Powers v. State,* 17
Tex. App. 428; *State v. Webb,* 41 Tex. 67; *Conner v. Comm.*
2 Va. Cas. 30; *Comm. v. Pickering,* 8 Grat. 628, 56 Am.
Dec. 158.

For the defendant in error there was a brief by the *Attorney General* and *J. M. Clancey,* Assistant Attorney General,
and oral argument by the *Attorney General.* To the point
that the information was sufficient, they cited sec. 4661,
R. S.; *State v. Spencer,* 6 Oreg. 152.

WINSLOW, J. Sec. 4471, R. S., defines two distinct crimes
known under the general name of "subornation of perjury."
The first is the subornation of wilful and corrupt false swearing in a criminal prosecution for a capital crime, which is
punishable by imprisonment for a term of not less than three
and not more than fifteen years; the second is the subornation of corrupt and false swearing in any other cause, proceeding, or matter, which is punishable by imprisonment
not less than two nor more than five years. These are dis-

tinct crimes, neither of which is included in the other. It results necessarily that a sufficient description of the action or proceeding in which subornation of perjury is charged to have been committed is an essential part of the information. Without such a description, it is impossible to tell with what offense the accused is charged, or what will be the proper punishment if conviction follows. The omission of this description is the omission of matter of substance, and not of mere form, because upon it depends the punishment. 1 Bish. Cr. Proc. § 538; *Frazier v. Turner,* 76 Wis. 562. The court must be able to say, from the indictment and verdict taken together, what is the precise crime of which the accused has been convicted. *Hogan v. State,* 30 Wis. 428–436. It is manifest that the court cannot in this case say, from the information and verdict taken together, what crime has been committed; and, the defect in the information not being amendable (*Frazier v. Turner, supra*), the motion in arrest of judgment should have been granted.

Many other errors are alleged in the information and in the admission of evidence, but as this one, standing at the threshold of the case, is fatal and disposes of this prosecution, we do not deem it our duty to discuss them.

*By the Court.*— Judgment reversed, and cause remanded with directions to grant the motion in arrest of judgment and discharge the plaintiff in error.