WESTERN UNION TELEGRAPH COMPANY v. LILLARD.

Opinion delivered May 11, 1908.

1.  TELEGRAPHS—RIGHT TO REFUSE TO SEND MESSAGE.—A telegraph operator cannot refuse to send a message, the object of which is to report the servants of a railroad company for neglect of duty in not keeping up the fire in a station. (Page 211.)

2.   MASTER AND SERVANT—HOW RELATION PROVED.—The relation of master and servant between two persons may be shown by proving that the one performs services for the other.   (Page 211.)

3.   EVIDENCE—PAROL PROOF OF CONTENTS OF COLLATERAL WRITING.—The contents of a writing may be proved by parol where the writing is not the matter in issue, or where the writing was left in the hands of the adversary's agent.   (Page 211.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; affirmed.

### STATEMENT BY THE COURT.

This is a suit to recover the statutory penalty of $500 under section 7946 of Kirby's Digest for alleged wilful refusal of the defendant telegraph company to send a message tendered for transmission by the plaintiff, W. B. Lillard.

The message alleged to have been tendered and refused was as follows:

"Stamps, Ark., December 24, 1906, 5:40 P. M.

"Superintendent Cotton Belt Railway,

"Pine Bluff, Arkansas.

"No fire in depot. Is it agent's or passenger's place to make one? Wire answer.

"W. B. LILLARD."

The evidence adduced at the trial shows that the plaintiff, W. B. Lilliard, delivered the telegram in question, with the money required to send same, at the office of the telegraph company to a person seemingly in charge of the office, but who was in reality the porter at the station. That afterwards, but during the business hours of the telegraph company, the station agent came in and told the plaintiff, Lillard, when the message was given him by the porter, that it would not be sent. The telegraph operator came in before the office was closed for the day. The record is silent as to whether or not, the message was delivered to him, but it was not transmitted over the wire. The offices of the telegraph operator and of the station agent were in the same room, and, in the absence of the operator, the station agent acted in his place.

There was a verdict and judgment for $500, and defendant has appealed.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1.   It is not shown that appellant's agent ever received the message for transmission or had any knowledge of it.   It is further shown that appellant and the railroad company maintained separate wires to Pine Bluff.   It is not shown that the employees of the railroad company were authorized to act for the telegraph company; but if the station agent had authority to receive telegrams in the absence of the operator, his wrongful act in destroying the message was beyond the scope of his authority, and appellant would not be liable.   84 Ark. 457; 40 Ark. 298; 59 Ark. 395; 65 Ark. 144.; 77 Ark. 606.

2.   The message being of an improper character, not in the usual course of business, of a nature calculated to place the agent at variance with his employer, was not tendered in good faith with the expectation that it would be sent, but must have been tendered with the expectation of laying the foundation for a suit, and he ought not to recover.   54 Ark. 354; 82 Ark. 128; 76 Ark. 125; Mechem on Agency, § 723.

3.   No proper foundation was laid to prove the contents of the message.   The original message was the best evidence; and, until its loss was proved, no other evidence could be received.   Jones on Telegraph and Telephone Companies, § § 679 to 684.

*L. A. Byrne,* for appellee.

1.   The message was given to the agent in charge of the telegraph office, who said he was agent, referred to a rate book, furnished the rate and received the money.   About an hour afterwards the message and money were in the hands of the station agent, who stated he would not allow it to be sent.   Shortly after, a man is found in the office at the batteries, who, on inquiry being made if a reply had been received, stated that no reply was due, as the telegram would not be sent.   When one goes into a telegraph office to send a message, and finds a man in charge who acts for the company, the presumption is that he is the proper agent and acts with authority of his employer.   3 Ark. 578; 41 Ark. 83; 48 Ark. 177; 1 Am. & Eng. Enc. of Law (2 Ed.), 957.

· 2.  So far as appellant is concerned, appellee's motive in sending the message is immaterial, and it can not set up this fact as a defense against the statutory penalty. ˙ 60 Ark. 221. The rule laid down in 76 Ark. 125 does not apply, that being a case based on an honest mistake.  Here there is a willful refusal.

3.  The contention that the trial court erred in admitting oral testimony to prove the contents of the message is without merit.  The language of the telegram was not properly an issue.

HART, J., (after stating the facts.)  1.  Appellant contends that the telegram was an improper message to transmit over the wires.  A telegraph operator may refuse to send a message that is obscene, slanderous, blasphemous, profane, indecent or the like, but the telegram in question was not of such character and was entirely proper to be transmitted.  Doubtless, the object of the message was to report the servants of the railroad company for neglect of duty in not keeping up the fire in the station, but the object of the sender can not affect the right to recover in a suit to enforce the penalty prescribed by the statute.  *Railway Co.* v. *Smith,* 60 Ark. 221; *Railway Co.* v. *Trimble,* 54 Ark. 354.

2.  There is nothing in the connection of appellant that the message was not delivered to an agent of the company.  It is not important to consider whether or not the station porter was also the employee of the telegraph company, and as such impowered to receive messages for transmission over the wire; for the undisputed testimony is that, in the absence of the operator, the station agent received messages for transmission.  This was sufficient to establish his agency.  It would often be difficult to prove the relation of master and servant except by the fact that the one performs service for the other.  *St. Louis, I. M. & So. Ry. Co.* v. *Hendricks,* 48 Ark. 177.

3.  It is lastly contended that the trial court erred in admitting oral testimony of the contents of the telegram.  This contention is without foundation; for the language of the telegram was not a matter in issue.  Besides, appellee testified that he left the telegram in the possession of the station agent, and does not know what he did with it.

Affirmed.