WESTERN UNION TELEGRAPH COMPANY v. FRANKLIN.

Opinion delivered June 15, 1914.

TELEGRAPH COMPANIES—RIGHT TO REFUSE MESSAGE—STATUTORY PENALTY.
—A telegraph company will be liable for the statutory penalty, because of the refusal of its agent to receive and transmit a message delivered to it by the plaintiff, addressed to an officer of the telegraph company and complaining of the conduct of the company's agent.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

#### STATEMENT BY THE COURT.

This action was brought to recover the penalty provided by section 7946 of Kirby's Digest for the wilful

refusal of a telegraph company to send a message, the message tendered for transmission by the appellee being as follows:

"C. M. Andrews, McGehee, Ark.

"Please advise why you can not get a civil answer out of your agent here. If you ask him anything he has to curse you out.

(Signed) "Maral Franklin."

It appears from the evidence that the appellee was the postmaster at Tamo and became involved in a dispute with the railroad and telegraph agent at that station relative to whose duty it was to move the mail sacks into the depot when thrown on the platform from the trains after night. The postmaster had written to the superintendent of the mail service and had been informed that when the train was two hours or more late to leave the mail to the care of the station agent. The postmaster, on the 19th, went to see the depot agent, Causey, and asked why he had not taken care of the mail thrown from the train the night before, which was five hours late. He said, "I asked him why the mail was left out and he said, 'By God, it is not my business to take care of it,' and I told him it was him and the superintendent for that, and that I had already reported it, and he said, 'God damn you and the superintendent, too; I don't care anything about either of you.' Then I asked him for a telegram blank, and told him I was going to report him to the superintendent, and I wrote the telegram and handed it to him with a five dollar bill, and he said it was 'a damned lie, and he would not send it.' He did not refuse the telegram because he did not have the change. He handed me the message and the five dollars back, and said he would not send it. About thirty minutes afterward he came out and said, 'You give me that damned telegram.' I thought he wanted to tear it up and would not let him have it. He did not say anything about wanting to send it, and made me believe he wanted to tear it up."

Several witnesses testified to the transaction about as related by the appellee. The agent himself said that

when the appellee handed him the message, he really did not know he wanted to send such a message as that— didn't think he did, and told him that he would not send it. He denied having used the oaths about the appellee and the superintendent. Also said that he did not say that the message was a damned lie, and that he later went out and asked for the message, that he might send it, and the appellee declined to give it to him.

The jury returned a verdict against the telegraph company for the penalty, from which it appealed.

*George H. Fearons, Bridges & Wooldridge* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

The message tendered was a libel on its face, intended as an insult to the agent and as a libelous complaint to his employer.

If a telegraph company transmits a libelous message, it is responsible for publishing the libel. 132 Fed. 805; 104 Fed. 628; 77 N. W. 985; 63 Pac. 658; 71 N. W. 596.

*Earl S. Wood,* for appellee.

The first part of the message asks for information. The declaration in the concluding part is not libelous. It does not fall under either of the classes named in the *Lillard case,* as prohibited or that may be refused by a telegraph operator. 86 Ark. 211. The message not being libelous, the company was bound to receive and transmit it. Cooley on Torts, 196; 37 Cyc. 1690; 104 Fed. 628-630; 63 Pac. 658.

KIRBY, J., (after stating the facts). It is contended for reversal that the telegram was not a proper message to transmit, and that the company had a right to refuse to send it. The law allows a telegraph company to refuse to send a message that is obscene, slanderous, blasphemous, profane, indecent, or the like, but this message was not of that character and was entitled to be transmitted. Even if the purpose of the sender was to report the conduct of the agent to his superior it did not affect his right to recover the penalty prescribed by the statute for the wilful refusal to send the telegram. *Western Union Tel.*

*Co.* v. *Lillard,* 86 Ark. 211; *Railway Co.* v. *Smith,* 60 Ark. 221; *Railway Co.* v. *Trimble,* 54 Ark. 354.

Neither do we find it necessary to decide whether or not instruction numbered 5 was a correct declaration of the law, or whether the one on that subject requested by appellant should have been given. Under the circumstances of this case the difference between the two instructions was not material and could not have influenced the jury in reaching its verdict. They evidently believed the statement of appellee and his witnesses about the transaction, which was so radically different from the version given by the agent that the instruction given by the court could not have been prejudicial if it was incorrect.

The issues in the case were fairly presented by the instructions declaring the law, and we find no prejudicial error in the record.

The judgment is affirmed.