## William Forsyth *vs.* Boston and Albany Railroad Company.

In an action against a railroad corporation for a personal injury, it appeared that the plaintiff was a passenger on the defendants' cars, and alighted from the cars at night, at a station of the defendants, on one of two platforms extending along each side of the track to a highway, (which, as the plaintiff knew, crossed the railroad,) and having a step at the end next the highway; that, instead of walking along the platform, he voluntarily stepped from it, with the intention of going obliquely across the track to the highway, and when he stepped off fell into a cattle-guard dug across the track, and was injured; that the night was so dark that he felt with his feet to find the edge of the platform; and that he did nothing to ascertain what would be found on stepping from the platform. *Held,* that he was not in the exercise of due care, and could not recover.

TORT for personal injuries received at the defendants' railroad station called Rice's Crossing, in Needham. Trial in the superior court, before *Wilkinson,* J., who reported the case for the determination of this court substantially as follows :

" Only three trains a day each way stopped at the station, and those only when there were passengers to get in or out there. No tickets were sold there, or for the station by that name, and there was no accommodation for passengers, other than a shelter, which was a building, but the defendants advertised Rice's Crossing in the newspapers as one of their stations, and sold tickets to persons for Rice's Crossing, as they did to the plaintiff in this case.

" The plaintiff, being in Boston, wished to go to Newton Lower Falls, where he lived, but no train left for that place, which was on a branch from the main track, until 11 o'clock P. M.; and he, wishing to go sooner, went to the ticket office of the defendants in Boston, and asked for a ticket for Rice's Crossing on the main track nearest Newton Lower Falls, to go on the half past 9 o'clock P. M. train ; the ticket agent told him to tell the conductor of the train to stop at Rice's Crossing and let the plaintiff get off, and sold him a railroad ticket marked ' Newton Lower Falls ;' the plaintiff took the half past 9 o'clock train, told the conductor to stop at Rice's Crossing, and gave up his ticket to the conductor ; the train did stop there, at about ten minutes before 10 o'clock, P. M.; the plaintiff got out from the cars on to the platform furthest from and about opposite to the station-house " as shown on a plan which was made part of the case; " the cars came from Boston on the track furthest from the station-house; the night was quite dark, and there was no light at the station, or on the premises of the defendants, or otherwise, and the plaintiff had never before been out in the cars from the direction of Boston and stopped at the station, but had previously taken the cars from the station to Boston on the opposite side of the track, in the daytime, and knew the locality and that there was a crossing there, and could see the crossing-sign on the other side, but did not know and had not seen a cattle-guard which extended all the way between

the two platforms, and was about four feet in width and from three to four feet deep. The plaintiff, in going to the station in the daytime, always came from Newton Lower Falls, and went diagonally from the highway, before he got to the station, up a footpath, which would not require him to go over the road at the spot where the cattle-guard was. No passengers got into the cars at the station, and the only other passengers, besides the plaintiff, who got out of the cars were two men, who were strangers to the plaintiff, were lower down on the platform towards Boston than the plaintiff, and about six feet from him, and, after having walked down the platform furthest from the station and near to its end in the direction towards Boston, stepped off the end and side of the platform next to the station, and walked directly towards the public highway on the other side of the railroad, which led to Newton Lower Falls. The plaintiff, at the same time, walked after them on the platform in the same general direction, voluntarily stepped off the side of the platform nearest to the station, knowing that he was stepping on to the railroad, and that the highway crossed the railroad at that place, and intending to cross the railroad to the highway on the other side thereof; and in stepping off the side of the platform nearest the station, stepped directly into the cattle-guard, (which came up to the platform,) and was injured. In stepping from the platform, he felt with his feet to see that he had got to the edge of the platform before stepping off, but did not do anything to ascertain what would be found on stepping off the platform. Neither the conductor of the train nor any other person ever gave the plaintiff any notice of the existence of this cattle-guard, nor had he any notice or knowledge of it, until he fell into it; and there was no guard or rail or anything to prevent him from stepping immediately from the side of the platform into the cattle-guard. There was nothing in the construction of the platform or the railroad to have prevented the plaintiff from walking on the platform to its extreme end, in the direction he was walking, and thence continuing in a straight line to the highway, and there was a step at the end of the platform towards the highway, and a travelled place on

the other side of the platform, communicating with the highway on that side. The defendants at the time employed a flagman at the station, who remained during the day and up to the time at which the last train left the station for Boston, which was about twenty minutes before 8 o'clock, P. M.; but this flagman was not placed there under any orders of the selectmen or the county commissioners."

The judge ruled that the action could not be maintained upon these facts, and directed a verdict for the defendants, which was returned accordingly.

*G. A. Somerby,* for the plaintiff.

*G. S. Hale,* for the defendants.

GRAY, J. The facts upon which the decision of this case depends may be briefly stated. The accident for which the plaintiff seeks to recover damages of the defendants occurred at their station called Rice's Crossing in Needham, near the point where the railroad is crossed by a highway. At this station the defendants had provided a platform on each side of the track, extending to the highway, or to a travelled place connected with it, with a step at the end next the highway. The plaintiff alighted from the car upon the platform farthest from the station-house, about ten o'clock at night. Instead of walking along that platform to the end towards the highway, he voluntarily stepped off the side of the platform next the track, knowing the place where the highway crossed the railroad and that he was stepping upon the railroad, and with the intention of going, not directly across the track to the platform on the opposite side, but obliquely to the highway; and stepped into a hole or cattle-guard, which extended from one platform to the other, and was made there to prevent cattle from straying from the highway upon the railroad. The night was so dark that before stepping from the platform he felt with his feet in order to know whether he had come to the edge. Yet, in the words of the report, "he did not do anything to ascertain what would be found on stepping off the platform."

Under these circumstances, we are unanimously of opinion that the plaintiff had no right to assume that the construction

and condition of the railroad track were such that he might safely walk across it towards the highway; and that in voluntarily and unnecessarily stepping from the platform down upon the track in the dark, without taking any precaution to ascertain whether he could do so with safety, he was wanting in ordinary care, and cannot therefore maintain an action against the railroad corporation for the injuries received by stepping into the cattle-guard.

The cases of *Warren* v. *Fitchburg Railroad Co.* 8 Allen, 227, *Caswell* v. *Boston & Worcester Railroad Co.* 98 Mass. 194, and *Gaynor* v. *Old Colony & Newport Railway Co.* 100 Mass. 208, on which the plaintiff principally relies, are quite distinguishable from this. In each of them, the injury was not occasioned by anything in the track itself, upon which the plaintiff stepped, but by being struck by an engine in motion. In the first and second cases, the acts of the defendants' agents and servants conduced to lead the plaintiff into the place of danger. And in the third case, the plaintiff had alighted upon a narrow platform, provided by the defendants for the purpose, between two tracks, one of which he must necessarily cross; and he testified that before stepping off he looked up and down the track and saw nothing approaching. But in this case there is no evidence tending to show that the defendants held out any inducement to him to cross the track in the direction in which he did, or that he took any precaution whatever.

*Judgment on the verdict.*