———o———

DANIEL L. WELLS, *et al.*, Respondents, *vs.* S. S. SHARP, *et al.*, Appellants.

1. *Practice, civil—Allegata and probata—Variance, what not sufficient to invalidate verdict.*—In suit for the value of certain chattels where the petition charged a sale, whereas the evidence showed merely an agreement to return the same or corresponding articles, and a subsequent admission of indebtedness and promise to pay it; *held*, that such variance would not vitiate the verdict in the absence of proof that defendant was surprised or injured thereby. (See Wagn. Stat., 1033-4, §§ 1, 2.)

2. *Practice, civil—Variance—What remedy in case of.*—Where the variance between pleading and proof is material, the proper remedy is an affidavit filed with the trial court, setting forth the facts and an order directing an amendment upon terms.

### *Appeal from Jackson Circuit Court.*

*Karnes & Ess,* for Appellants.

*Wallace Pratt,* for Respondents.

WAGNER, Judge, delivered the opinion of the court.

The petition alleged a sale and delivery of four carts, by the plaintiff, to a firm in which the defendant was one of the partners. The answer was simply a denial.

The case was submitted to the court without a jury, and plaintiff's testimony showed that the defendants received from plaintiffs four carts, which were valued at a certain price, and that in place of them the defendants were, on a certain day, to deliver plaintiffs four other carts of equal goodness in make and of equal value. This they did not do. Plaintiffs then presented their bill to the defendants for the value of the carts, which defendants agreed to pay, but not having done so, plaintiffs instituted this action. Defendants introduced no evidence. There was a judgment for plaintiffs.

Wells, et al. v. Sharp, et al.

The only question presented for consideration, is the action of the court in refusing defendant's instruction, which was, that if the court, sitting as a jury, believed from the evidence that the plaintiffs delivered to defendants four carts, under an agreement that in fifteen or twenty days defendants should return four other carts of the same pattern and quality as the four carts received by the defendants, then plaintiffs cannot recover, notwithstanding the defendants may have agreed to be responsible to the plaintiffs for the carts.

We think the ruling of the court was correct, and that the judgment was properly given. The liability of the defendants was undoubted, and although the proof did not strictly conform to the allegations of the petition, yet it does not appear that defendants were taken by surprise, or injured in consequence of it.

The statute declares that no variance between the allegation in the pleading and the proof shall be deemed material, unless it has actually misled the adverse party, to his prejudice in maintaining his action or defense upon the merits; and that when it shall be alleged that a party has been so misled, the fact shall be proved to the satisfaction of the court by affidavit, showing in what respect he has been misled, and thereupon the court may order the pleading to be amended upon such terms as shall be just. The statute further provides, that when the variance between the allegations in the pleading and the proof is not material, the court may direct the facts to be found according to the evidence, or may order an immediate amendment without costs. (2 Wagn. Stat., pp. 1033-4, §§ 1, 2.)

It is obvious that there was no surprise in this case, nor was the defendant misled to his prejudice. He knew what the demand was for, and had previously acknowledged his liability. The variance was an immaterial one, and if it were otherwise, he should have proved that fact to the satisfaction of the court, and had the pleading amended upon terms. (Fischer vs. Max, 49 Mo., 404; Turner v. Chillicothe & Des-Moines City R. R. Co., 51 Mo., 501.)

Let the judgment be affirmed; the other judges concur.