EDWIN L. BENNETT *vs.* THE NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY.

New Haven Co., June T., 1889.  ANDREWS, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

The plaintiff, who lived near a small railroad station, arrived at it by a train in the evening. An outside lamp was burning on the east side, next the railroad track, which lighted two stairways on that side leading to the ground below and one at the east end of the north platform. Another stairway at the west end of the north platform was in entire darkness. The plaintiff passed the lighted stairways and attempted to find and descend the dark one, but went beyond it and walked off the platform and was injured. In a suit against the railroad company, which was defaulted and heard in damages, the court found the plaintiff guilty upon the facts of contributory negligence. Held that the facts justified this finding.

The court in coming to its conclusion had not required of the plaintiff any act which the law did not require.

Having unnecessarily and of choice passed from the lighted part of the platform to that which was dark, the plaintiff was bound to use the utmost care to avoid harm. A slight want of care became gross negligence.

[Argued June 11th—decided September 9th, 1889.]

ACTION to recover for an injury from the negligence of the defendant company; brought to the Superior Court in

New Haven County. The defendant demurred to the complaint, the demurrer was overruled, and the case was heard in damages before *Fenn, J.* Facts found and nominal damages assessed. The plaintiff appealed. The case is fully stated in the opinion.

*W. C. Case* and *W. H. Ely*, for the appellant.

Where facts are undisputed negligence is a question of law. *Dascomb* v. *Buffalo & State Line R. R. Co.*, 27 Barb., 221; *Halpin* v. *Third Av. R. R. Co.*, 8 Jones & Sp., 175; *Rudolphy* v. *Fuchs*, 5 Alb. L. Jour., 201; *Kellogg* v. *Curtis*, 65 Maine, 59; *Grows* v. *Maine Central R. R. Co.*, 67 id., 100; *Briggs* v. *Taylor*, 28 Verm., 180. In this case the facts are not in dispute, but are found, and on these facts a question of negligence was decided, and decided against the plaintiff. Following the decisions of this state in *Nolan* v. *N. York, N. Haven & Hartford R. R. Co.*, 53 Conn., 461, and *Dyson* v. *N. York & N. Eng. R. R. Co.*, 57 Conn., 9, the question whether the plaintiff was guilty of contributory negligence can be reviewed by the court.

The only negligence attributed to the plaintiff, is that he, being familiar with the premises, passed by one flight of stairs, which led from where a light shone on the platform on which he was standing, and started to go to another flight, which he was accustomed to take in common with other people, to reach the ground, but which on that night was not lighted in any manner. The conclusion of law reached by the court below was that if the railroad company had a part of its premises lighted, it had fulfilled its duty to a passenger who was familiar with the premises, and that if such passenger saw fit to go beyond the place where there was a light, to a place where there was no light, he took the risk upon himself, and the company owed no duty to such a person which they did not fulfill.

This we submit is not the law, for a railroad company is bound to furnish all its passengers safe means of passage from the platforms of their stations, and this includes a suitable light to show them where they are going when dark.

*Beard* v. *Conn. & Pass. Riv. R. R. Co.*, 48 Verm., 101; *Knight* v. *Portland &c. R. R. Co.*, 56 Maine, 234; *Patten* v. *Chicago & N. W. R. R. Co.*, 32 Wis., 524, 533; *Peniston* v. *Chicago, St. Louis &c. R. R. Co.*, 34 Louis. Ann., 777; *Bueneman* v. *St. Paul &c. R. R. Co.*, 32 Minn., 390; *McDonald* v. *Chicago & N. W. R. R. Co.*, 26 Iowa, 145.

It has moreover been decided that a traveler passing from the grounds of a railroad company, and leaving the place where there were lights, and going to a place where there were no lights, was not in law guilty of contributory negligence. In *Keefe* v. *Boston & Albany R. R. Co.*, 142 Mass., 251, the court says:—" The defendant was bound to keep in safe condition for its passengers all that part of its stations and platforms where passengers were expressly or impliedly invited to go."

The finding shows that the platform on the north side of the station, west of the first steps, was entirely dark, and that the steps near which the plaintiff fell were undistinguishable. It also appears from the finding that passengers were accustomed to use the last mentioned steps and the others indiscriminately. The railroad company then, not only "impliedly invited" passengers to go on the platform where the plaintiff went on the night in question, but knew that they were likely to go there, and, knowing this, failed to light the platform so that persons passing by the first steps on the north platform could see where they were going.

There is nothing in the finding which shows that the plaintiff did anything that he ought not to have done, or failed to do anything that he ought to have done. We submit that the facts found do not warrant the conclusion that the plaintiff was guilty of contributory negligence.

*W. K. Townsend* and *G. D. Watrous*, for the appellee.

CARPENTER J. This is an action for damages sustained by falling from the platform of the depot at the defendant's station at Yatesville. The defendant suffered a default and was heard on the question of damages. The Superior Court

found that the plaintiff was guilty of contributory negligence and assessed nominal damages only.   The plaintiff appealed.

The facts, briefly stated, are these:—The plaintiff lived near the station, which was at a small village, and arrived there in the evening on one of the defendant's trains.   The station agent had left and there was no light in the depot except one lantern.   One outside lamp was burning which lighted the platform on the east side of the depot.   The plaintiff went to the waiting room to speak to an employee of the defendant.   He then in company with another man started to go home.   From the easterly platform two stairways lead to the ground below.   Near the easterly end of the north platform is another stairway.   All these stairways were sufficiently lighted by the burning lamp.   They passed by all these stairways on to the north platform, "passing into utter darkness," intending to go down some stairs near the westerly end of the north platform.   That part of the platform "was entirely dark and the steps indistinguishable."

The plaintiff missed his calculation, went some eight inches beyond the stairs, and walked off the westerly end of the, platform, falling some four feet to the ground, and was seriously injured.

We are not called upon to consider any question relating to the negligence of the defendant.   The court below made no finding on that point, but disposed of the case entirely on the question of contributory negligence.

Citing *Dyson, Admr.,* v. *N. York & New England R. R. Co.,* 57 Conn., 9, and *Nolan* v. *N. York, N. Haven & Hartford R. R. Co.,* 53 Conn., 461, the plaintiff's counsel insist that, the facts being found, the question is one of law which this court can review.   Conceding this, still, before we can disturb the judgment it must appear that the court below arrived at its conclusion by reason of some error in law. Unlike the cases cited, it does not appear in this case that the court below found the plaintiff guilty of negligence by requiring of him some act which the law did not require, or inferred it from the omission of some act which was properly omitted.   The court simply required of him ordinary care

under the circumstances, and found as a fact that he did not exercise such care. We think the evidential facts legally justify the conclusion of fact to which the court came.

Let us start with the plaintiff to go to his home from the east platform. There were four flights of stairs, by any one of which he could reach the ground, and passengers were accustomed to take any one of them indiscriminately. Three of them were well lighted, each one of which was convenient for him to use. Had he taken any one of them he could have passed down in safety. Had he taken it and been injured, and had given no explanation, or an insufficient one, the court would have been justified in attributing to him negligence. In such a case obviously only slight care would have been required; and a failure to exercise slight care is generally gross negligence. Unexplained, a failure to use lighted stairs and passing into utter darkness in search of stairs that are indistinguishable, is *primâ facie* evidence of negligence.

But it is said that the plaintiff had a right to pass by the lighted stairs and to use the unlighted ones. That is true provided he assumes the risk. But had he a right to do so at the risk of the defendant? Having decided to do so, what now does the law require of him? He has now passed from a place of safety into one of great danger. The circumstances have entirely changed. The law, instead of being satisfied with slight care, requires the utmost care. Slight negligence becomes. gross negligence, because none will be tolerated. Every precaution must be used to make sure of finding the stairs. His familiarity with the premises is of little service to him except to apprise him of his danger, and that enhances the care which is expected of him. Every one knows how difficult it is in walking in utter darkness to correctly calculate courses and distances, even in very familiar localities. The record does not disclose that any precautions were taken to know and keep in mind his whereabouts, except perhaps to rely upon his general knowledge of the premises to inform him when he reached the stairs. If that is so he was inexcusable. He not only disregarded his legal duty to the defendant, but

also the instinct of self-preservation. One who will disregard the latter will hardly be expected to be solicitous about the former.

We cannot see that the court below committed any error.

In this opinion the other judges concurred.