No. 15,119.

## REDDICK v. KEESLING.

PLEADING.— *Variance.— When Material.*—No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defence upon the merits. Whenever it is alleged that a a party has been so misled, that fact must be proved to the satisfaction of the court, and it must be shown in what respect he has been misled. See section 391, R. S. 1881.

RES ADJUDICATA.— *Former Action.—Estoppel—Burden of Proof.*— Where there has been an action between the same parties, and it is claimed that the former action is a bar to the present action, the question as to whether the cause of action set up in the complaint in the second action was or was not compromised and settled is an open question to be tried by the court, in the absence of evidence showing a judgment estopping the plaintiff from prosecuting the second action, with the burden of that issue on the defendant.

Reddick *v.* Keesling.

SAME.—*Special Finding.— Party with Burden of Issue.—Failure to Find for.— Effect of.*—Where the special finding does not show that the claim in suit was settled and compromised between the parties, it must be assumed that no such settlement and compromise was made. A failure to find for a party having the burden of an issue is equivalent to a finding against him.

SAME.—*Dismissal of Suit.—Institution of Second Suit.—Return of Consideration Received for Dismissal.— When Unnecessary.*—Where a suit was instituted between the same parties and concerning the same subject-matter, and a sum of money was paid by the defendant to the plaintiff, as a consideration for the dismissal of said suit, but was not received by the plaintiff in compromise and settlement of the matters in issue, it was not necessary for the plaintiff to return the money before instituting a second action.

WITNESS. — *Incompetency of Surviving Party to a Contract.*— Where the plaintiff stands as the representative of her mother, deceased, one of the contracting parties, the defendant, the other contracting party, is not a competent witness to testify as to matters which occurred between him and the defendant during her lifetime, concerning the contract in dispute.

ACTION.—*In Whose Name may be Brought.*—A person for whose benefit a contract was made, may, in equity, maintain an action thereon in his own name.

JURY.—*Case Triable by Court.—Refusal to Require Special Verdict.—Submission of Interrogatories.—Instructions to Jury.*—In a case where no right of trial by jury exists, error can not be predicated upon the refusal of the court to require the jury to return a special verdict, or in refusing to submit certain interrogatories to the jury, and in giving, and refusing, certain instructions. The statute, in reference to special verdicts, applies to cases triable by jury, and is not applicable to a case triable by the court alone. So the rules and restrictions under which he will submit a question, as well as the instructions as to the manner of answering the same, are in his discretion.

SPECIAL FINDING.—*Intermediate Errors.— When Judgment not Reversed for.*—Where the merits of a controversy are to be determined by the special finding of facts in the cause, the judgment of the court below will not be reversed on account of intermediate errors.

From the Henry Circuit Court.

*L. P. Newby* and *M. E. Forkner,* for appellant.

*J. H. Mellett, J. Brown* and *W. A. Brown,* for appellee.

COFFEY, C. J.—The complaint in this case alleges, among

other things, that Lucinda Reddick, who was the wife of the appellant, died in the year 1876, leaving her husband and the appellee, an only child, as her only heirs at law; that said Lucinda, during her lifetime, delivered to the appellant eighteen hundred dollars in trust for the appellee, which he agreed to pay over to her, with the legal interest thereon, when she should be competent to receive and receipt for the same; that the appellee became twenty-one years of age in 1885, and demanded of the appellant a settlement of said trust, and the payment of said money to her, which was refused.

The appellant filed an answer to this complaint, consisting of seven paragraphs.

The seventh paragraph of the answer averred, generally, that in October, 1888, a suit was pending in the Henry Circuit Court between the parties to this suit, involving the identical claim now in controversy; that on the 6th day of October, 1888, the parties compromised and settled said claim; that by the terms of said compromise the defendant in this suit agreed to pay the plaintiff the sum of twenty-five dollars, and to give her a horse of the value of one hundred and twenty-five dollars in full settlement of said claim; that said settlement and compromise were fully complied with, and the suit dismissed under a written agreement, executed by the plaintiff, that she would not renew the same.

To this answer the court sustained a demurrer, whereupon the appellant asked and obtained leave to file an additional answer. He then filed additional eighth and ninth paragraphs of answer, which do not differ materially from the above seventh paragraph, except that the eighth states more fully the terms of the alleged compromise and settlement of the claim in suit.

To these last answers the appellee replied that the compromise and agreement to dismiss were obtained by fraud, in the absence of her attorney, setting out the facts, and

alleging that she had not received anything under the terms of said compromise.

The cause was tried by the court, which referred certain questions of fact to a jury. Upon a return of the answers of the jury to the questions of fact referred to it, the court, upon proper request, made a special finding of facts in the case, and stated its conclusions of law thereon.

Among other things, it appears from the special finding of facts that the appellee is the only child of the appellant and Lucinda Reddick, deceased.

Lucinda died in the year 1876. In the year 1872 she received from her father's estate the sum of seventeen hundred and eighty dollars, six hundred dollars of which was cash, and the remaining eleven hundred and eighty dollars was paid her in notes, which had, prior to that time, been executed by the appellant to the father of the said Lucinda. She paid over the money to her husband, the appellant, and delivered up to him the notes, with the agreement that he should pay over to the appellee the sum of eleven hundred and eighty dollars when she became competent to receive and receipt for the same. At the time of her mother's death the appellee was about ten years of age.

In the year 1888 the appellee instituted an action in the Henry Circuit Court against the appellant on the claim involved in this suit, but before the same was called for trial she procured Alexander Herkless to call upon the appellant and agree with him that she would dismiss the suit if he would pay the costs. Pursuant to such agreement the appellant paid twenty dollars. The money was applied to the payment of costs and to fees due the appellee's attorneys, and the suit was accordingly dismissed.

At the time the money was paid the appellant caused the following agreement to be prepared, viz.: "Oct. 6th, 1888. * * We agree to withdraw the suit now pending at New Castle between Jessie R. Keesling and Fremont Keesling and William Reddick for the present and in all future," and

sent the same to the appellee, with directions to say that if she would sign it and return it to him he would give her a horse. She did sign it, and returned it by mail, but she never received or accepted the horse. It was signed after the suit was dismissed. The instrument was not intended by the appellee as a settlement of the claim now in suit. Before the commencement of this suit the appellee demanded of the appellant the money for which she sues.

That the appellee could maintain an action in her own name to recover the money left with the appellant by her mother to be paid over to her is too firmly settled by authority to need discussion. It is contended by the appellant, however, without denying this legal principle, that certain errors occurred during the progress of the cause which prevented him from having a fair trial.

We will consider the alleged errors upon which the appellant relies for a reversal of the judgment in the order in which they are presented by his counsel in their able brief in the cause.

*First.* It is insisted that the finding of the court is not sustained by the evidence in the cause. It is contended, *first*, that there is no proof that any money was left in the hands of the appellant by the mother of the appellee in trust for the latter; and, *second*, that there is a material variance between the allegations in the complaint and the evidence in the cause.

The evidence tends to show that the mother of the appellee received as her distributive share of her father's estate about eighteen hundred dollars. Of this sum the appellant received eleven hundred and eighty dollars by way of the payment of a note due from him to the estate. The evidence further tends to show that appellant repeatedly acknowledged a liability to the appellee on account of this money, said he was keeping it for her, and promised to settle with her when he could sell his farm.

From these facts the conclusion that he held the money in

trust for the appellee is not wholly unwarranted. There is some evidence tending to support the finding of the court, and under the well known rules we are not at liberty to interfere with such finding.

It is urged by the appellant that the evidence tends to show that there was no money left in the hands of the appellant, but that if anything was left with him it was a promissory note, and proof that a promissory note was left with him does not support the allegation that it was money.

The court was authorized to find from the evidence in the cause that the appellee's mother paid a note due from the appellant to her father's estate and surrendered the note to him. If so, it may well be said that she left the money due on the note in the hands of the appellant. At least the variance, if any existed, was not material.

Section 391, R. S. 1881, provides that "No variance between the allegations in a pleading and the proof is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defence upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must be shown in what respect he has been misled; and thereupon the court may order the pleading to be amended on such terms as may be just."

It is not claimed that the appellant was in any way misled by the alleged variance in this cause, or that he was prejudiced in his defence, and under the terms of the statute such variance, assuming that it exists, must be held to be immaterial. *Ashton* v. *Shepherd*, 120 Ind. 69.

*Second.* It is contended by the appellant that the court erred in its conclusions of law upon the facts as stated in the special finding.

In this connection it is contended, *first*, that the dismissal of the action pending in the Henry Circuit Court between the parties to this suit, by agreement, is a bar to another action for the same cause; and, *second*, that in no event could

the appellee maintain an action without first tendering back to the appellant the twenty dollars paid on the agreement to dismiss the action then pending.

The weight of authority seems to support the position that the dismissal of an action pending, by agreement, followed by a judgment of the court, is a bar to another action for the same cause, unless the judgment is modified by some statement in the judgment itself. It is virtually an acknowledgment by the plaintiff, in open court, that he has no further cause of action against the defendant.    Black Judgments, section 706; Freeman Judgments (3d ed.), section 262.

In such cases it is the judgment of the court that bars the right, creating an estoppel by record.

In this case we are not advised of the nature of the judgment rendered by the court on the dismissal of the former action between these parties.    The judgment may be one, so far as we can ascertain from the record before us, showing a dismissal by the plaintiff without any agreement.    Indeed, it is disclosed by the evidence in the cause that the action was dismissed by the plaintiff in vacation under our statute authorizing such dismissals.

Without the record before us, or some finding disclosing its contents, we can not say that it estops the appellee from prosecuting this action.    In the absence of a judgment estopping the appellee from prosecuting this action, the question as to whether the cause of action set up in the complaint in this case was, or was not, compromised and settled, was, on the trial, an open question of fact, to be tried by the court, with the burden of that issue on the appellant.    As the special finding does not show that the claim in suit was settled and compromised between the parties, we must assume that no such settlement and compromise was made.    A failure to find for a party having the burden of an issue is equivalent to a finding against him.    *Talburt* v. *Berkshire L. Ins. Co.,* 80 Ind. 434 ; *Hunt* v. *Blanton,* 89 Ind. 38 ; *Stix*

v. *Sadler*, 109 Ind. 254; *Sinker, Davis & Co.* v. *Green*, 113 Ind. 264; *Meeker* v. *Shanks*, 112 Ind. 207.

If the payment of the twenty dollars mentioned in the finding was not made on settlement of the claim in suit, but was paid as a consideration of the termination of their suit then pending, as contended by the appellee, it was not necessary to return it before the commencement of this action. The appellant received all he contracted for.

*Third.* It is contended by the appellant that the court erred in refusing to allow him to testify to matters that occurred between him and his wife, Lucinda, prior to the time of her death.

It is contended by the appellant that, inasmuch as the appellee does not sue as heir, but seeks to avail herself of a contract made with her ancestor, for her benefit, the statute does not exclude him from testifying in the cause, and that he had the legal right to testify to all that occurred between him and his wife in relation to the money which the appellee seeks to recover in this action.

To solve the question here presented it is necessary to inquire into the relation sustained by the appellee to the contract set up in the complaint. At law the appellee could not maintain this action, because there is no privity. *Salmon* v. *Brown*, 6 Blackf. 347; *Farlow* v. *Kemp*, 7 Blackf. 544; *Britzell* v. *Fryberger*, 2 Ind. 176; *Conklin* v. *Smith*, 7 Ind. 107.

But equity subrogates the appellee to the rights of her mother in the contract made with the appellant, and it has always been the rule that the person for whose benefit a contract was made might, in equity, maintain an action thereon in his own name. *Miller* v. *Billingsly*, 41 Ind. 489.

The appellee, therefore, stands as the representative of her mother, seeking to enforce a contract made with the mother for her benefit.

The true interpretation of our statute upon the subject of the competency of witnesses, was rendered in the case of

*Taylor* v. *Duesterberg*, 109 Ind. 165, in which the court said: " The true spirit of the statute seems to be, that when a party to a subject-matter or contract, in action, is dead, and his rights in the thing or contract have passed to another who represents him in the action or proceeding which involves such contract or subject-matter, to which the deceased was a party, the surviving party to that subject shall not testify to matters occurring during the lifetime of the decedent."

As the mouth of the mother, one of the contracting parties, was closed by death, we think the law closed the mouth of the father, the other contracting party, and that the court did not err in refusing to allow him to testify regarding the matters to which he was offered as a witness.

*Fourth.* It is contended by the appellant that the court erred in refusing to require the jury to return a special verdict, in refusing to submit certain interrogatories to the jury, and in giving, and refusing, certain instructions.

In a case like this, where no right of trial by jury exists, these are matters of which error can not be predicated. A jury is called in such cases, in the discretion of the judge, to advise him upon questions of fact. The statute, upon the subject of special verdicts, applies to cases triable by jury, and is not applicable to a case triable by the court alone.

The finding of a jury upon controverted questions of fact would no doubt have great weight with the court, but it may, nevertheless, wholly ignore any finding the jury may make. The judge must ultimately determine for himself all the questions of fact in the case. He may submit one or more questions of fact to the jury for his information, but what questions he will submit must, of necessity, be determined by himself. So the rules and restrictions under which he will submit a question, as well as the instructions as to the manner of answering the same, are in his discretion ; he alone being responsible for the correct determination of the

questions of law and fact upon the final hearing of the cause. *Sheets* v. *Bray*, 125 Ind. 33.

*Fifth.* It is finally contended that the court erred in sustaining the appellee's demurrer to the seventh paragraph of the appellant's answer, and in overruling the appellant's demurrer to the second paragraph of the appellee's reply. ·

We have not found it necessary to examine into the question as to whether the court erred in these rulings. All the evidence which could have been admitted under the seventh paragraph of the answer, to which the court sustained a demurrer, was admissible under the eighth and ninth paragraphs of answer subsequently filed by the appellant. But it is shown by the special finding of facts that neither of these answers, nor the reply in question, is true in fact.

The merits of the controversy are to be determined by the special finding of facts in the cause, and in such cases the judgment of the court below will not be reversed on account of intermediate errors. *Martin* v. *Cauble*, 72 Ind. 67 ; *State, ex rel.,* v. *Vogel*, 117 Ind. 188.

Some other questions of minor importance in the case have been discussed by counsel, which need not be set out here. It is sufficient to say that we have given them a careful consideration, and find in them no error.

Judgment affirmed.

Filed Sept. 18, 1891.