## M., K. & T. Railway Company vs Turley.

### Opinion delivered September 19, 1896.

1. *Contributory Negligence—Question for Jury.*

Appellee, who was unacquainted with the surroundings, went to the platform of appellant on the night she was injured, with her sister and the latter's two children, shortly before midnight, to take appellant's passenger train. They stepped on the platform at the north end, where it was nearly even with the ground. It was a cold, dark night, with a drizzling rain falling. Appellee's sister sat down on the side of the platform and took her little boy in her lap. The little daughter of appellee's sister asked appellee to take her in her lap. Appellee thought her sister had stepped off the platform and sat down on the side of it and that she could do the same. She looked down to see and thought she could see the ground. She attempted to step down, and went down about four feet, sustaining the injuries complained of. *Held*, That the question of appellee's contributory negligence was clearly a question for the jury.

2. *Pleading and Proof—Variance.*

Appellee's complaint alleged a retroflection of the womb as the result of the injury, while the proof established an antiflection. *Held*, That appellant having offered no proof that it was misled, the alleged variance must be regarded as harmless.

3. *Duty of Railroad Company to Furnish Safe Platform.—Instruction.*

The court instructed the jury that it was the duty of the railroad company to exercise ordinary care and prudence in maintaining a safe platform; that it was the duty of the railroad company to light its station place at night within a reasonable time before the arrival of trains in such a manner as to afford a safe place for passengers who desired to take passage upon its trains. *Held*, That even if there were errors in the instructions to the jury, they were not prejudicial, as the undisputed testimony establishes that appellant was guilty of negligence in the character of the platform which it maintains.

4. *Judgment—Not Reversed for Harmless Error.*

> A judgment will not be reversed on appeal for error when it plainly appears from the record that such error worked the complaining party no harm.

5. *Contributory Negligence—Burden of Proof.*

> The burden of proof was not on appellee to show that she was not guilty of contributory negligence and the court did not err in refusing to instruct the jury that if they found from the evidence that the night was dark, that the platform was not properly lighted and because of such darkness and lack of lights it was incumbent upon the plaintiff to show that she took greater care than she would have taken had the night been light and the platform well lighted.

6. *Verdict—Misprision.*

> The jury returned a verdict in favor of Georgia Turtey instead of Georgia Turley. The caption and body of the verdict read together, leaving no doubt as to the intent of the jury, and the error in the name is a harmless misprision.

7. *Verdict—Excessive—Remittitur.*

> Appellee testified that as a consequence of her injury she had undergone much pain and suffering and had been rendered incapable of ordinary physical labor; that at the time of the trial, nearly three years after, she was still suffering from the effects of her hurt. On the other hand, there is much in the evidence to support the conclusion that appellee's condition as the result of the injury on the platform was in fact largely due to natural, antecedent causes, though aggravated, doubtless, by her fall. The testimony of experts tended to show that her injuries were not incurable. *Held*, That the verdict is excessive, and a remittitur should be entered in the sum of $5000.

Appealed from the United States Court for the Northern District.

CHARLES B. STUART, Judge.

Suit by Georgia Turley against the Missouri, Kansas & Texas Railway Company for damages for personal inju-

ries sustained through defendant's negligence. Judgment in favor of plaintiff for $10,000. Defendant appeals. Affirmed upon remittitur of $5000.

This is an action to recover damages for personal injuries alleged to have been inflicted upon appellee by the negligence of appellant. On January 30, 1892, appellant's railroad crossed the road of the Choctaw Coal & Railway Company at South McAlester, Indian Territory. South McAlester was at this time a town of about 600 inhabitants, and a seat of the United States Court for the Indian Territory, to which many persons were required to go. At the junction of the two roads in South McAlester appellant had a platform at which all of its passenger trains except the train known as the "Flyer" stopped, and received passengers and the mail. This platform extended north and south along the east side of appellant's railroad, and was about 8 feet wide and 200 feet long. People expecting to become passengers on appellant's trains stood about on the platform until the train arrived. There were no passenger depot or other buildings at this point. The platform was not lighted, nor was there any railing of any kind about it. On the night appellee claims to have been injured, she and her sister and the latter's two children went to the platform shortly before midnight to take appellant's south-bound passenger train. They stepped upon the platform at the north end, which is nearly even with the ground. Appellee testified that after stepping upon the platform she stood up for about 10 minutes; that it was a cold, dark night, without a moon, and with drizzling rain falling; that, unnoticed by her, her sister sat down on the side of the platform, and took her little boy in her lap; that the little daughter of appellee's sister, being cold, asked appellee to take her in her lap; that appellee thought her sister had stepped off the platform and sat down on the side of it, and that she could do the same; that she looked down to see, and thought she could see, the ground;

that she attempted to step down about three feet from her sister; that when she stepped down she just went on; that she thought her sister had stepped off, and set back, and that she thought she was going to do the same, and that she was positive she saw the ground, and was going to step on it; ·that when she stepped she went down about four feet. Appellee was a resident of the state of Texas. She had gotten off of appellant's train at this platform once before, but the testimony does not show that it was under circumstances to acquaint her with the height of the platform from the ground at the point at which she was injured.

*Clifford L. Jackson,* for appellant.

1.   The platform was suitable ˙for the purpose to which it was devoted and there was no negligence on the part of appellant in maintaining it in its then condition. Lafflin vs Railway Co. 106 N. Y. 136.

2.   There is no dispute as to the facts concerning ˙the conduct of appellee upon appellant's platform and the question as to whether she was guilty of contributory negligence or not became a matter of law, and it was the duty of the court to .direct a verdict for the appellant.   Pleasants vs Fant, 22 Wall. 116; 1 Shearman & Redfield on Neg., Sec. 56; B. & O. Ry. Co. vs Jones, 95 U. S. 439.

3.   It was negligence per se in appellee to step down off the platform without first inquiring and ascertaining whether she might safely do so,   Richmond & Alleghany Ry. Co., 84 Va. 231, S. C. 33 A. & E. R. R. Cases, 503; Railway Co. vs Hodges, 24 S. W. 563; Forsythe vs Railway Co., 103 Mass. 510; Bennett vs Railway Co. 57 Conn. 422, S. C. 41 A. & E. R. R. Cases, 184; Missouri Pac. Ry. Co. vs Neiswanger, 39 A. & E. R. R. Cases, 471; Wallace vs Railway Co. 18 Atlantic, 818; 1 Shearman & Redfield Contr. Neg. Sec. 89; 2 Thompson on Neg. 1204; Sargent vs Railway Co.

19 L. R. A. 460; Graham vs Railway Co., 4 A. & E. R. R. Cases, 532; Oil Works vs Black, 12 Southern 26.

4.    There was a fatal variance between the complaint and the evidence of appellee in the case.    Where there is a variance of testimony between the complaint and the proof in cases of this character, there is a failure of proof, and the court should direct a verdict for the defendant even though the defendant had interposed no objection to the testimony. when offered in the case.    Railway Co. vs Cook, 27 S. W. 769; Railway Co. vs Beasley, 29 S. W. 1121; Waldhier vs Railway Co. 71 Mo. 514; 2 Elliott's Gen. Prac. 889; Railway Co. vs Adams, 24 S. W. 839.

5.    It was not the duty of appellant to have provided a "safe platform" or a "safe place."    Cooley on Torts (2nd Ed.) 718; Ray's Neg. of Imposed Duties—Passenger Carriers —94; Railway Co. vs Marion, 27 A. & E. R. R. Cases, 132; 2 Shearman & Redfield on Neg. Sec. 501; Kelly vs Railway Co. 3 L. R. A. 74; Railway Co. vs Gross, 21 S. W. 186; Moreland vs Railway Co,, 141 Mass. 31; Ray's Neg. of Imposed Duties—Passenger Carriers—96—97.

R. Sarlls and Geo. E. Nelson, for appellee.

No brief is on file for appellee.

Lewis, J. (after stating the facts.)   1.   Appellant strenuously insists that the trial court erred in not directing a verdict for it upon the ground that the proof shows that appellee was guilty of contributory negligence in stepping off the platform.    When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury.    It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is considered as

one of law for the court. Railway Co. vs Ives, 144 U. S. 408, 12 Sup. Ct. 679; Gardner vs Railroad Co., 150 U. S. 349, 14 Sup. Ct. 140; Railroad Co. vs Cox, 145 U. S. 593, 12 Sup. Ct. 905; Dunlap vs Railroad Co., 130 U. S. 649, 9 Sup. Ct. 647; Railway Co. vs Pounds, 1 Ind. Ter. 51.    Tested by this rule, appellant's contention cannot be sustained. Appellee was unacquainted with the structure of the platform.  She was in the dark.  She was, with her sister's children, who may be regarded as in some sense under her care, exposed to the cold and the rain and the weariness of standing.  She had come upon the platform where it was nearly level with the ground.  She had reason to believe that her sister had just stepped from the platform to the ground in safety.  She looked to the ground, and was positive that she saw it near enough to be reached by a step. For her own convenience and the protection of her sister's child from the weather, she essayed the step.  We agree with the jury that prudent persons, exercising that care which the situation demanded, might have done likewise. It is clear that under the circumstances appellee's attempt, while really dangerous, was not obviously so.  It was not seen to be dangerous, not because of appellee's failure to look,  but  because  of  appellant's  failure  to  furnish proper lights for the platform.  The attempt to sit down upon the platform was not the unnecessary venture of a person already adequately provided for, but the natural endeavor to lessen discomforts, which resulted from the railroad's failure to furnish reasonable accommodations.  This case is fairly within the rule which makes a railway liable for injuries incurred by one in attempting, by an act not obviously dangerous,  to  remove a serious inconvenience to him, caused by the negligence of the railway.  Gee vs Railway Co., L. R. 8 Q. B. 161; Railroad Co. vs Stanley, 61 Md. 266; Patt. Ry. Acc. Law, § 20; 2 Wood, Ry. Law, p. 1087, § 301.  We have carefully considered the cases relied upon by

appellant in this connection, viz. Reed vs Railroad Co., 84 Va. 231, 4 S. E. 587; Forsyth vs Railway Co., 103 Mass. 510; Railway Co. vs Hodges (Tex. Civ. App.) 24 S. W. 563; and Bennett vs Railway Co., 57 Conn. 422, 18 Atl. 668,—and find them distinguishable in essential facts from the present case. The case of Railway Co. vs Neiswanger, 21 Pac. 582, wherein the Supreme Court of Kansas affirmed a judgment for the plaintiff, presents many features of close resemblance to those involved herein.

It is further urged that a verdict for appellant should have been directed, because, as claimed, appellee's complaint alleged a retroflexion of the womb as the result of the injury, while the proof established an antiflexion. Mansf. Dig. Ark. § 5075, provides: "No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be shown to the satisfaction of the court, and it must also be shown in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as may be just." The uniform construction of this statute in Arkansas and in states where like provisions are in force is that, without proof to the satisfaction of the court that the adverse party has been misled, the variance will be deemed immaterial, and treated accordingly. Molen vs Orr, 44 Ark. 486; Place vs Minister, 65 N. Y. 89; Catlin vs Gunter, 11 N. Y. 368; Blackman vs Wheaton, 13 Minn. 326 (Gil. 299;) Reddick vs Keesling, 129 Ind. 128, 28 N. E. 316; Wells vs Sharp, 57 Mo. 56. Appellant having offered no proof that it was misled, the alleged variance, if, indeed, it can be so termed, must be regarded as harmless.

*Pleading and proof—Variance.*

2. The charge of the court is assailed upon the ground that its effect was to make appellant an insurer of the safety of its platform and the adequacy of its lights,

instead of requiring of it, in these particulars, ordinary care in view of the dangers to be apprehended- The charge, when considered in its entirety, does not bear the construction which appellant seeks to put upon it. The court, after telling the jury that it was the duty of appellant to furnish a safe platform, said: "When I say it was the duty of the railroad company to have furnished that platform, I mean that it was their duty to exercise ordinary care and prudence in maintaining that sort of platform; that is, that care and prudence which an ordinarily prudent man would have used with reference to his own business under like circumstances." The court further said: "It is also, and was also, the duty of this defendant at South McAlester to light that station place at night, at a reasonable time before the arrival of trains, in such a manner as to afford a safe place, by reason of such lights, for passengers who desired to take passage upon its trains; and when I say it was their duty I mean, as I said before, that they were held to the exercise of ordinary care and prudence in furnishing that light." It may be further stated that the undisputed testimony establishes that appellant was guilty of negligence in the character of the platform which it maintained without lights on the night of the injury, and that upon this issue the jury could not properly have reached any other conclusion than the one returned by them. It follows, therefore, that if there were errors in the charge upon this question they were not prejudicial. This statement also disposes of numerous assignments of error predicated upon the refusal of the court to give requested charges defining the duty of appellant in the matter of depots, platforms, and lights. A judgment will not be reversed on appeal for error when it plainly appears from the record that such error worked the complaining party no harm. Sanger vs Flow, 1 C. C. A. 56, 48 Fed. 152.

3. It is urged that the court erred in refusing to instruct the jury as follows: "The court instructs the jury that, if they find from the evidence in this case that the

Railway platform—Negligence.

night in question was dark, and that said platform was not properly lighted, because of said darkness and a lack of lights, it is incumbent upon the plaintiff in this case, before she can recover, to show that she took greater care than she would have taken had the night been light and the platform well lighted." There is no error in such refusal, because the effect of such instruction was to impose upon appellee the burden of showing that she was not guilty of contributory negligence. Railroad Co. vs Volk, 151 U. S. 73, 14 Sup. Ct. 239; Railroad Co. vs Tobriner, 147 U. S. 571, 13 Sup. Ct. 557.

*Contributory negligence— Burden of proof.*

4.  Objection is urged to the sufficiency of the verdict, which is in favor of plaintiff, Georgia Turtey, instead of Georgia Turley. The verdict has the caption: "No. 1,835. Georgia Turley, Plaintiff vs The M., K. & T. Ry. Co., Defendant. Verdict of the Jury." The caption and body of the verdict, read together, leave no doubt as to the intent of the jury, and the error in the name is a harmless misprision. Mansf. Dig. § 5083.

*Verdict—Misprision.*

5.  The verdict of the jury is excepted to as excessive. Appellee testified that, as a consequence of her injury she had undergone much pain and suffering; that she had been rendered incapable of ordinary physical labor; that at the time of the trial—nearly three years after the fall—she was still suffering from the effects of her hurt; that her weight was greatly reduced. On the other hand, there is much in the evidence to support the conclusion that the condition of appellant's womb, of which she complains in this action as the result of the injury at the platform, was in fact largely due to natural and antecedent causes, though aggravated, doubtless, by her fall. The testimony of the experts in the case tended to show that her injuries were not incurable. The verdict was for $10,000. A mature consideration of all the evidence induces the conviction that this amount is excessive, though we do not conclude that it was

*Excessive verdict.*

the result of passion or prejudice on the part of the jury. We are not required, however, on account of the excessiveness of the verdict alone, to reverse the judgment. The law permits us to present to appellee the election to enter a remittitur in such sum as will, in our opinion, cure this defect, or suffer a reversal. Cattle Co vs Mann, 130 U. S. 79, 9 .Sup. Ct. 458; Railroad Co. vs Harmon's Adm'r, 147 U. S. 571, 13 Sup. Ct. 557; Railroad Co vs Trimble, 54 Ark. 354, 15 S. W. 899; Hamlett vs Tallman, 30 Ark. 505; Fowler vs Johnson, 11 Ark. 280.

Inasmuch, therefore, as we find no other reversible error in the record, if appellee shall within a reasonable time, file in this court, a remittitur in the sum of $5,000, the judgment, less this sum, will be affirmed. In either event, the costs must be paid by the appellee.

SPRINGER, C. J., and KILGORE, J., concur.