MISSOURI, K. & T. RY. CO. v. TURLEY.

(Circuit Court of Appeals, Eighth Circuit. January 3, 1898.)

No. 886.

CARRIERS—DEFECTIVE PLATFORM—CONTRIBUTORY NEGLIGENCE.

At an unimportant way station, where defendant had no depot, and sold no tickets, it maintained a platform for the sole purpose of ingress and egress to and from the cars. It was about 8 feet wide and 80 yards in length. The track was on the east side, where the platform was about 4 feet high, and not protected by railing, and no lights were maintained. Plaintiff, a stranger in the neighborhood, and unfamiliar with the platform, came to the station on a dark night, to take passage on a train. She went upon the platform from the west side, and, supposing it was the same height on the east side, and intending to sit down upon the edge of it, she stepped off in the darkness, and was injured. *Held*, that she was guilty of contributory negligence.

In Error to the United States Court of Appeals in the Indian Territory.

Clifford L. Jackson, for plaintiff in error.

R. Sarlls, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

PHILIPS, District Judge. This is an action to recover damages for personal injuries, and arises on the following state of facts: At South McAlester, in the Indian Territory, the defendant railway company, plaintiff in error, maintained a platform for the use of passengers. The village then was small, and the travel at that point so little that it did not, in the judgment of the company, justify the erection of a depot building, or the keeping of a station agent. No tickets were sold, and through trains did not even stop there. The railroad track at this platform ran north and south. No railing was placed around the platform, and no lights were maintained there by the company. The plaintiff, accompanied by her sister, came to this platform on the night of January 30, 1892, to take passage on the south-bound train, due at 12 o'clock. The following are the specific allegations of the petition descriptive of the accident:

"That it was misting rain, and very dark, and, not being acquainted with said platform and surroundings, and not knowing its manner of construction, being a stranger in said town, and not being able to see the ground from the edge of the platform, and believing the platform to be the same elevation from the

85 F.—24

ground on the east side as it was on the west side, where she approached the same, she stepped off of the east side of the platform with the intention of sitting down on the edge of the same, and fell, and was seriously injured.   *   *   * That said platform is about eight feet wide, nearly level with the track on the west side, and about four feet high on the east side, where the plaintiff fell off the same, and extended at the time of said injury from the crossing of the Choctaw Railway to within about fifty feet of the street or road crossing in said town, a distance of about eighty yards, and was very high from the ground on the north end. That there were no steps to said platform. That the only practically accessible way of getting upon the same was to approach it from the west side.   *   *   * That there was no railing on said platform, nor light at or about said platform or station, nor watchman or other person to guide or give warning, nor any provision whatever for her guidance and safety, or to enable her to see or know the danger and prevent her injury."

On this petition plaintiff recovered judgment in the trial court, which judgment was affirmed, after a remittitur, by the court of appeals in the Indian Territory, from which judgment the railway company has sued out a writ of error to this court.    37 S. W. 52.

No cause of action is predicable of such state of facts, for the obvious reason that it discloses the most palpable contributory negligence on the part of plaintiff.    The substantive effect of the statement is that a stranger, unfamiliar with the surroundings of the platform, without lights or a guide, knowing it was not guarded by railing, when it was "misting rain, and very dark," purposely went to the edge of the platform, unfamiliar to her, to sit down on its edge; and without inquiry, or any precautionary examination, stepped off in the darkness of the night, on the bare assumption that the ground was, as where she entered upon the platform, level with the platform.    To permit a recovery on such facts would be to annihilate the established doctrine of contributory negligence.    As said by Mr. Justice Field in Little v. Hackett, 116 U. S. 371, 6 Sup. Ct. 391:

"That one cannot recover damages for an injury to the commission of which he has directly contributed, is a rule of established law, and a principle of common justice.    And it matters not whether that contribution consists in his participation in the direct cause of the injury, or in his omission of duties, which, if performed, would have prevented it.    If his fault, whether by omission or commission, has been the proximate cause of the injury, he is without remedy against one also in the wrong."

While the ground of recovery can be no other nor broader than that alleged in the petition, the plaintiff's testimony does not cure the fatal infirmity of this petition.    While waiting for the arrival of the train, her sister, who had with her two children, sat down on the edge of the platform, taking one of the smaller children in her lap.    The plaintiff's testimony, in this connection, in chief, was as follows:

"Went right over to the platform, and sister and two children went over, and I did not notice her, and she sat down, and I thought she had stepped off and sat back, and I thought I was going to step on the ground and set back, and I was positive I seen the ground and was going to step on it, and when I stepped I went down about four feet."

On cross-examination she stated:

"We went to the platform, sister and I and two children.    My sister sat down on the platform, and shoved her feet off, and took her boy in her arms, and the little girl asked if I would not sit down and take her.    She was cold.    The train was late, and I turned around, and saw sister setting there, and I thought she had stepped off and set down, and I looked and thought I could see that I could

step off the side and set back on the platform. Looked down, and thought I could step down and set back; and when I stepped down I just went on."

Considering the entire statement, it is made manifest that the plaintiff was not induced to take the step she did into darkness, following the example of her sister, as she evidently sought to have the jury believe, because in the same connection, she described the manner in which her sister reached a sitting posture on the edge of the platform, "My sister sat down on the edge of the platform, and shoved her feet off." Why should her sister shove her feet off of the platform after sitting down, if it was level with the ground? The very method adopted by her sister was unmistakable admonition to a sane person—First, that the locality of the ground was not level with the platform; and, second, that by shoving her feet off they must have descended below. This should, in addition to the darkness of the night, and the unfamiliarity with the situation, have excited especial attention and precaution. But in a misting rain, and very dark, with no other precaution than a look of the eye, and without imitating the action of her sister, she stepped off into air. This was so reckless as to admit of no two opinions among reasonable men as to its negligent character. The platform, manifest to any person, was built for the sole purpose of ingress to and egress from the cars. Its edge was not designed for a place for passengers to go in the nighttime and sit upon. The plaintiff was not invited by anything naturally or incidentally connected with the use of the platform to so undertake to sit down on its edge. The accident was in no degree probably incident to the taking of passage on defendant's train. Such use of the edge of the platform, on a very dark night, was so disconnected and remote from the purpose of its construction as to preclude any possible admissible relation between the imputed neglect of the defendant to barricade the sides of or to light the platform, and an accident resulting as this did.

No parallel to this action is found in any recognized authorities. The case of Railway Co. v. Neiswanger (Kan. Sup.) 21 Pac. 582, principally relied upon by the court below, is not entirely this case, in that the plaintiff there did not purposely undertake to sit down on the edge of the platform, knowing that it was not protected, but undertook, under imperative necessity, to pass from the platform to seek permissible concealment, under circumstances that did not admit of deliberate movement. The exoneration from contributory negligence in that case was extreme, and ought not to be extended, lest its application should lead to a practical establishment of the doctrine that a railroad company is to be treated as an absolute insurer of the safety of passengers waiting about its platform, however eccentric and thoughtless in their strolling movements. We prefer the better sustained rule recognized in Forsyth v. Railroad Co., 103 Mass. 570; Reed v. Railroad Co., 84 Va. 231, 4 S. E. 587; Bennett v. Railway Co., 57 Conn. 422, 18 Atl. 668; Railway Co. v. Hodges (Tex. Civ. App.) 24 S. W. 563; Chewning v. Railway Co. (Ala.) 14 South. 204. These cases support the rule that, although a railway company may be guilty of some negligence in not providing sufficient lights or railings about its platform, yet when these deficiencies are known, or are obvious to the passenger, and notwithstanding he sees fit voluntarily, without invitation from the company, and for

his mere convenience, to undertake to pass over the edge of the platform, without knowledge of its elevation, the law will not excuse his negligence in taking no other precaution than a casual look when the night is so dark as to deceive the eye in appearances. The passenger ought not to cast the consequences resulting immediately from his own reckless impulse upon the railway company for not fencing or patrolling its platform, or flooding the ground around it with artificial lights.

As no cause of action is stated in the petition or established by the evidence, the instruction asked by the defendant at the close of the evidence, directing a verdict for defendant, should have been given. It is not necessary, therefore, to discuss other alleged errors in this record. The judgment herein of the court of appeals in the Indian Territory, as also that of the trial court, is reversed, and the cause is remanded to the United States court for the Northern district in the Indian Territory for further proceedings in conformity with this opinion.