## MARY E. DRUMMY v. THE MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY, Appellant.

**Railroads:** DEPOT PLATFORMS: NEGLIGENCE: EVIDENCE.  A railway
1 company must anticipate the use of its walks and depot platforms by passengers while waiting for the arrival of trains, and must take reasonable care that they shall not be injured from defects therein while so using them.  In the instant case plaintiff was injured by walking off an unrailed platform at night, and it is held that defendant's negligence in failing to have the platform lighted was for the jury.

**Same:** CONTRIBUTORY NEGLIGENCE.  In the instant case it is held that
2 plaintiff was not negligent as a matter of law in using an unlighted platform for a proper purpose.

**Same:** STATUTE: EFFECT.  A statute requiring railway companies to
3 have their stations furnished, heated and lighted for the accommodation of passengers for a stated time before and after the arrival of trains, does not relieve them of the common law duty of using reasonable care for the protection of persons rightfully upon the premises in connection with the transaction of its business.

*Appeal from Palo Alto District Court.*—HON. D. F. COYLE, Judge.

THURSDAY, DECEMBER 14, 1911.

ACTION to recover damages for personal injuries due to the negligence of the defendant, received by plaintiff while sustaining toward defendant the relation of passenger.  There was a verdict for plaintiff, and from judgment in her favor the defendant appeals.—*Affirmed.*

*W. H. Bremner, Soper & Soper,* and *Davidson & Burt (Geo. W. Seevers,* of counsel), for appellant.

*Morling & Morling,* for appellee.

McCLAIN, J.—The plaintiff with her husband, traveling from the city of Red Wing, Minn., to their home in Emmetsburg, arrived in Waterville, Minn., on the line of the Great Western Railroad about nine o'clock in the evening, with the intention of taking one of the night trains on the defendant's road from Waterville to Emmetsburg. It appeared that two trains were available to them; one leaving Waterville at 9:52, the other at 10:15. Plaintiff and her husband went from the Great Western station to a hotel for supper, and, leaving the hotel some time after nine o'clock, went to the station of the defendant road, where they arrived a little before 9:30. They found no light in the waiting room, and plaintiff's husband knocked on the window of the office, which was lighted, for the purpose of securing light. There was already one other passenger in the waiting room. A second summons of like character secured a response from the office, and in a few minutes some one came into the waiting room from the office and proceeded to light a lamp on a bracket in one corner. While this lamp was being lighted, the plaintiff, in response to an urgent call of nature, went out of the waiting room to the platform to seek a secluded place for relieving herself. The station building fronted the main track to the west, separated therefrom by a brick platform. At the south end of the station building was a plank platform rising slightly less than an inch to the foot from the brick platform to the loading platform on the east side of the building, where there was a side track for freight cars. Plaintiff proceeded east up the inclined platform, and, looking down at the freight track, thought she saw, as she testified, that there was only a step of six or eight inches down to the ties, and she attempted to step from the platform to the switch track. In the darkness, being deceived as to the distance, she fell to the switch track, receiving severe and

permanent injuries; the height of the platform above the track being about four feet and a half. There was no light outside of the station building, although there was an unlighted lamp at the south end. It is conceded to have been impracticable to maintain a barrier at the place where plaintiff fell for the reason that the platform was used for unloading freight from cars; but there were steps from the south end of this platform to the level of the track, these steps being guarded by railings, and there was a railing along the south side of the platform which ran east and west at the south end of the building. The ground of negligence submitted to the jury was the failure to have the platform from which the plaintiff fell lighted; the absence of railing or barrier being referred to by the court in this connection only as bearing upon the question whether there was negligence in failing to light.

I. The insufficiency of the evidence to show negligence on the part of appellant in failing to have lighted the unguarded portion of the freight platform at the place where plaintiff fell is the ground principally relied upon for reversal. We think, however, that the question was for the jury. Plaintiff was not required to remain in the waiting room in order to avoid the possibility of being injured on the platforms surrounding the waiting room, evidently intended for the use of persons having business with the defendant. It is not unusual for passengers awaiting the arrival of a train to walk about on the platform adjacent to the station, and we think that it is the duty of a railroad company to anticipate that they will do so and to take reasonable precaution that in doing so, while exercising reasonable care, they shall not be injured. There is nothing in *McDonald v. Chicago & N. W. R. Co.*, 26 Iowa, 124, or *Hiatt v. Des Moines, N. & W. R. Co.*, 96 Iowa, 169, both of which cases are relied upon for appellant, inconsistent with this rule. On the contrary, it is supported by the

1. RAILROADS: depot platforms; negligence: evidence.

great weight of authority in this state and elsewhere. *Carver v. Minneapolis & St. L. R. Co.,* 120 Iowa, 346; *Merryman v. Chicago Great Western R. Co.,* 135 Iowa, 591; *Missouri Pacific R. Co. v. Neiswanger,* 41 Kan. 621, (21 Pac. 582, 13 Am. St. Rep. 304); *Buenemann v. St. Paul, etc., R. Co.,* 32 Minn. 390, (20 N. W. 379); *Louisville, etc., R. Co. v. Treadway,* 143 Ind. 689, (40 N. E. 807, 41 N. E. 794); *McKone v. Michigan Central R. Co.,* 51 Mich. 601, (17 N. W. 74, 47 Am. Rep. 596); *Beard v. Connecticut, etc., R. Co.,* 48 Vt. 101. In *McNaughton v. Illinois Central R. Co.,* 136 Iowa, 177, it appeared affirmatively that every reasonable precaution for the protection of passengers about the station had been taken, and that the injury complained of happened by reason of the voluntary act of the plaintiff in disregarding usual precautions by opening a closed door, and attempting to pass into a dark place from which passengers were excluded.

II. The question as to plaintiff's contributory negligence was properly submitted to the jury. It can not be said as a matter of law that plaintiff was negligent in attempting to step from the freight platform where it was unlighted. The danger in doing so resulted from the negligence of the defendant in failing to provide such lighting as would have disclosed the peril. Plaintiff was not bound to assume that there was a peril not disclosed. Cases are cited for appellant in which, under somewhat similar circumstances, the injured person has been held negligent as a matter of law. *Reed v. Axtell,* 84 Va. 231, (4 S. E. 587); *Missouri, K. & T. R. Co. v. Turley,* 85 Fed. 369, (29 C. C. A. 196). In *Forsyth v. Boston & A. R. Co.,* 103 Mass. 510, no special point seems to have been made of the negligence of defendant in failing to light the platform nor of plaintiff's reasonable reliance on the duty of defendant, to afford some protection against danger. In *Bennett v. New York, N. H. & H. R. Co.,* 57 Conn. 422, (18 Atl. 668), *Chewning v.*

2. SAME: contributory negligence.

*Ensley R. Co.,* 100 Ala. 493, (14 South. 204), and *Houston, E. & W. T. R. Co. v. Grubbs,* 28 Tex. Civ. App., 367, (67 S. W. 519), the familiarity of the injured person with the premises was made the ground of imputing to him negligence in exposing himself to danger, while in the case before us it appears affirmatively that plaintiff had no knowledge whatever of the danger involved in attempting to step from the platform to the freight track. It should also be said that the court of appeals of Indian Territory reached a different conclusion in the case of *Missouri, K. & T. R. Co. v. Turley,* 1 Ind. T. 275, (37 S. W. 52), from that announced by the circuit court of appeals in the case of the same title above cited. It is sufficient to say in general that the views of the courts announced in these cases so far as they support the proposition that under the circumstances of the case before us the plaintiff was conclusively guilty of contributory negligence, are contrary to several of the cases cited in the first division of this opinion and do not meet with our approval. As we think, the question was for the jury, and it was properly submitted to them under appropriate instructions.

III. A statute of Minnesota was pleaded and proven on the trial containing the provision that passenger stations shall be "properly and comfortably furnished, heated, lighted and ventilated, and in such condition open for the reception of passengers for at least one-half hour before and after the arrival of each passenger train." Rev. Laws 1905, section 2028. There was a conflict in the evidence as to whether plaintiff arrived at the station and went upon the platform where she received her injury more than half an hour before the time scheduled for the arrival of the next train on defendant's road, and the court left it to the jury to determine whether as a matter of fact plaintiff arrived within a reasonable time for an intended passenger train to appear; and instructed that, while the statute might be taken into account in determining the

3. SAME: statute: effect.

reasonableness of the time, it was not controlling in that respect. This is the construction which has been usually given to such statutes. They impose a specific duty, but they do not relieve the company from its common-law duty of using reasonable care for the protection of passengers and other persons rightfully upon its premises in connection with the transaction of its business. *Shaber v. St. Paul, M. & M. R. Co.,* 28 Minn. 103, (9 N. W. 575); *Gulf, C. & S. F. R. Co. v. Barnett,* 19 Tex. Civ. App., 626, (47 S. W. 1039); *Illinois Central R. Co. v. Laloge,* 113 Ky. 896, (69 S. W. 795, 62 L. R. A. 405). If, under the circumstances, reasonable care for the protection of the plaintiff from injury involved the lighting of the platform at the time when she was injured, it is immaterial that the terms of the statute did not cover the case.

In other respects the instructions of the court are criticised, but, after careful reading, we are satisfied that the objections made to them are without merit. We would not be justified in setting out the instructions at length for the purpose of explaining the nature of the objections and the answers to be found to such objections in the instructions themselves. We have discussed all the questions of law suggested by counsel for appellant which seem to be of any possible general interest.

The judgment is *affirmed.*